## SECURITY UNION INS. CO. v. CARTWRIGHT et al.

### No. 2022.

Court of Civil Appeals of Texas. Beaumont.
Dec. 26, 1930.

Rehearing Denied Jan. 7, 1931.

F. J. & C. T. Duff and Lamar Cecil, all of Beaumont, for appellant.

Jas. A. Harrison and Tom C. Stephenson, both of Beaumont, for appellees.

**O'QUINN, J.**

We take from appellant's brief the following statement of the nature and result of this suit:

"This is an appeal from an award of the Industrial Accident Board of the State of Texas, and was instituted by the filing of Plaintiffs' Original Petition in the District Court-of Jefferson County, Texas, on November 13th, 1928. Plaintiffs alleged that Plaintiffs' intestate, Henry Cartwright, was in the employ of the Union City Transfer Company at Beaumont, in Jefferson County, Texas, as a laborer, on or about May 14th, 1927, and that on said day that the said Union City Transfer Company was subject to the provisions of the Workmen's Compensation Act of the State of Texas, and pursuant to the terms of said act, carried a policy of compensation insurance with the Appellant herein, the Security Union Insurance Company, which said policy of insurance was in full force and effect on the 14th day of May, A. D. 1927. Petitioners alleged that on the 14th day of May, A. D. 1927, Henry Cartwright, while in the course of his employment for the Union City Transfer Company, received certain injuries, which resulted in his death. The injuries alleged to have been sustained were that while said Henry Cartwright was engaged in lifting a heavy pipe that he strained himself and that about 3:30 on the morning thereafter the said Henry Cartwright died, as a result of a cerebral hemorrhage and apoplexy, brought about by the alleged injury. Plaintiffs' petition contained the usual allegations as to the average weekly wage and plaintiffs' intestate being a well, able bodied man, and pleaded that the plaintiffs herein are the sole and only dependent beneficiaries of the said Henry Cartwright. Plaintiffs further alleged that due notice was given and that the claim was presented to the Industrial Accident Board and said Board made an award in favor of the Appellant herein, from which award an appeal was taken by the filing of this suit within the statutory time. Plaintiffs' petition further set out the employment of counsel and the fact that plaintiffs had agreed to allow counsel a certain percentage of the recovery as his fee. It also contained the usual allegations as to lump sum. Plaintiffs' petition further alleged that the said Henry Cartwright received a previous injury on or about the 25th of April, 1927, while in the employ of the Union City Transfer Company, while lifting some heavy timbers and pleaded that said Security Union Insurance Company had paid to Henry Cartwright about two weeks' compensation for that injury, and that the said Henry Cartwright had returned to work and had worked possibly six days at the time of the subsequent injury, which resulted in his death. The petition concluded with a prayer for judgment for compensa-

tion at the rate of Seventeen & ³¹⁄₁₀₀ ($17.31) Dollars per week for three hundred sixty (360) weeks, and for lump sum payment of same.

"Defendant answered by general demurrer and seven special exceptions, all of which were overruled by the court, and by a general denial and by specially pleading that if the said Henry Cartwright was injured, which was not admitted, but specially denied, then said injury did not occur in the course of his employment by the Union City Transfer Company. Defendant further specially plead that the said Henry Cartwright's death was due solely and entirely to natural causes, and defendant specially denied that notice of said injury and death was given to the said Security Union Insurance Company and specially plead that no notice was given to the said defendant or the Union City Transfer Company, its assured, within thirty days after the alleged injury. Defendant pleaded that by reason of these facts that the cause be dismissed at plaintiffs' cost. Defendant further specially denied that any notice of injury or claim for compensation was ever presented to the Industrial Accident Board or to the defendant herein by the plaintiffs, asking for compensation for an injury alleged to have been sustained by the decedent on the 14th day of May, A. D. 1927, and defendant specially alleged that the Industrial Accident Board had never passed on any claim for compensation for an injury alleged to have been sustained by Henry Cartwright, deceased, on the 14th day of May, A. D. 1927, and defendant plead that for these reasons the cause was not properly before the court and should be dismissed for want of jurisdiction.

"A jury being demanded, a trial was had on the merits and on the 28th day of March, A. D. 1930, the jury returned their answers to the special issues submitted to them. On these answers the Court rendered judgment for the plaintiffs that the said plaintiffs have and recover of and from the defendant, Security Union Insurance Company, compensation at the rate of Twenty Dollars ($20.00) per week for a period of three hundred sixty (360) weeks, from the 15th day of May, A. D. 1927, consecutively, aggregating Seventy-two ($7,200.00) Hundred Dollars, together with six percent (6%) interest on all past due weekly payments from their respective dates of maturity and all costs of suit. The court further decreed that the plaintiffs take nothing on their claim for lump sum settlement. Motion for a new trial was duly filed on the 29th day of March, A. D. 1930, and was thereafter by the Court overruled, to which the defendant excepted. Supersedeas bond was filed, transcript duly prepared and filed in the court below and in this court, and the matter is now regularly up for review."

Appellant advances four propositions of error against this judgment, all to the effect that appellees' claim for compensation adjudicated by this lawsuit was never presented to the Industrial Accident Board and never adjudicated by the board. Without giving the issues submitted to the jury, if we correctly understand appellant's brief, the only contention made is that the district court was without jurisdiction to try this case on the ground that the claim sued for herein was never adjudicated by the Industrial Accident Board. On the question of jurisdiction, the plaintiffs introduced in evidence claim for compensation for injury, presented to the Industrial Accident Board, for personal injury sustained by Henry Cartwright, while in the employ of the Union City Transfer Company, at Beaumont, Tex., reading as follows: "The time of his injury was ――― o'clock ――― on the 25th day of April, 1927. The place of injury was at Spindle Top, Texas. The cause of his injury 'was picking up a heavy timber used to build derricks.'"

The nature of the injury was stated to be internal injuries, which resulted in death. This claim was received by the Industrial Accident Board on November 8, 1927, and dated the 1st day of November, 1927. Said claim was signed by Ella Cartwright. Plaintiffs next introduced in evidence a certified copy of the notice of injury, signed by Ella Cartwright, and dated the 1st day of November, 1927. We quote from said notice of injury: "This is to notify you, Union City Transfer Co. that on the 25th day of April, 1927, at about ――― o'clock ――― Henry Cartwright sustained personal injury while in the employ of the Union City Transfer Company, Beaumont, Texas. The place of injury was at Spindle Top, Texas. The injury was caused to him by reason of picking up heavy timber used to build rigs."

This notice of injury was received by the Industrial Accident Board on November 8, 1927, and dated the 1st day of November, 1927.

In proof of her claim before the Industrial Accident Board, Ella Cartwright offered the following affidavits: (a) "Before me, this 1st day of November, A. D. 1927, appeared Bob Jinnings, and makes this statement:

"That I have been in the employment of the Union City Transfer Company for the past thirteen years, and I knew Henry Cartwright during his life time, and was working with him when he was picking up or helping to load some heavy timber. He laid off from such job several days. I don't know just how long, and came back to work and worked a few days, but complained of being in pain and misery from the old injury.

"On Saturday evening May 14th at about 4 p. m. as we were making our last load Henry picked up the end of a heavy pipe. It was a 10 inch pipe about 20 feet long. He threw one end across a ditch he then grabbed his stomach and said boys I have hurt myself again, and I am going home and lay down. He came on in with the balance of us, and when we got unloaded he drew his money and went home.

"The next time I saw Henry Cartright he was dead. I saw him the following morning dead at his home.

"Witness my hand this the 5th day of November, A. D. 1927.

"[Signed]    Bob Jennings."

(b) "Before me the undersigned authority on this day personally appeared Ella Cartwright, who after being by me duly sworn upon oath deposes and says:

"That my name is Ella Cartwright. I am fortyfour years of age, and am the wife of Henry Cartwright, deceased. Henry Cartwright and I were married in Nacogdoches County, Texas, during the month of April, 1917. Henry Cartwright at the time of his death was forty-two years of age. We had no children born as issue of our marriage (however we raised an orphan child not our own).

"My husband had been working for the Union City Transfer Company prior to his injury this last time about 4 or 5 years steadily employed at a wage of $35.00 per week.

"On or about the 25th day of April, 1927, my husband Henry Cartwright came home with an injury to his stomach and back. He stayed in bed several days, and Dr. Joe Record of Beaumont treated him for the injury. The insurance company paid him approximately two weeks compensation. During which time he complained of the injury, but in about two or three weeks he went back to work, and worked six days. During the six days each night when he would come in from work he would complain of the old injury, and talked me about it, and told me that he was not able to work, but it was necessary for him to try to do something in order to sustain his family and self.

"On the evening of May 14th my husband came home in a car and set in the car in front of the house before he was able to get out of the car. I finally helped him and he got out and came in the house, and went to bed, complaining to me; he said that he had picked up a heavy pipe and hurt himself. He complained of severe pains in the stomach and back, and became frantic during the night and died about 3:30 or 4:00 o'clock on the morning of May 15th, 1927. Immediately after death blood ran from his nose and mouth. While my husband Henry Cartwright was dead in my house Mr. Valley the manager of the Union City Transfer Company came to my house and talked to me, and told me not to worry and not to do anything about getting a lawyer to look after the case for me that he knew my husband, Henry Cartwright, had gotten hurt on the job and had

died from the injury, and that he was going to have the insurance company pay me the compensation money for his death. I relied upon what Mr. Valley said and acted in good faith with him and believed what he told me and did not get anybody to look after the claim or to do anything about the matter for me until the 1st day of November.

"Mr. Valley told me that he would make or give all necessary notices and look after my interest about Henry's death and I waited and waited for him to do something. He finally sent me a bill for the funeral expenses, which I had to pay, and the only way that I could pay same was by giving him my automobile, which belonged to me and Henry at Henry's death. When this was done Mr. Valley had nothing further to do with me and has refused now to discuss the case with me at all, therefore, I have employed Attorney Tom C. Stephenson to represent me.

"Prior to Henry's injury on the 25th day of April, he was a strong. robust and able bodied man. He had done hard manual work ever since I had known him. He was employed steadily and was a hard worker. After such injury he was never able to do any kind of work which required manual labor.

"If Mr. Valley had not made the representation to me about getting the insurance company to take care of me for Henry's death I would have gotten an attorney and given notice and made claim for compensation soon after his death, but I relied upon what Mr. Valley told me. I now have reason to believe and do believe that he made these statements for the purpose of deceiving me, and they did deceive me. I am the sole legal beneficiary of Henry Cartwright, and was dependent upon his labors for support and maintenance. That by reason of his injury and death I have been deprived of his support and maintenance.

"Witness my hand at Beaumont, Texas, this the 15th day of November, A. D. 1927.
"[Signed] Ella Cartwright."

On the 14th of November, 1927, Tom C. Stephenson, representing Ella Cartwright, wrote the Industrial Accident Board as follows, under their number M–30895, Henry Cartwright, deceased, v. Union City Transfer Company:

"Gentlemen: Please mail me the proper blanks upon which to make and file proper notice and claim for compensation for fatal injury and oblige."

On December 13, 1927, Mr. Stephenson, representing Ella Cartwright, again wrote the Board.

"In Re: M–30895. Henry Cartwright, Dec'd. vs. Union City Transfer Co. Austin, Texas

"Gentlemen: You will note from the file in this case that I requested your Board on No-vember 7th to furnish me with proper blanks upon which to make claim for fatal injury.

"Again by letter dated November 14th I requested the Board to mail me proper blanks upon which to make claim for fatal injury. Again on December 2nd I requested the Board to mail me the proper blanks upon which to make claim for fatal injury. It seems to the writer that the Board should some time within the next three or four months mail me the proper blanks upon which to make claim for fatal injury in this case.

"In all probabilities the case will have to be set for hearing on its merits as soon as the Board is able to ascertain the position the insurance company take in the matter.

"At any rate I will thank the Board in advance for giving this matter your early attention."

On December 15, 1927, the Industrial Accident Board replied to Mr. Stephenson as follows:

"M–30895. In re: Henry Cartwright vs. Union City Transfer Co.

"Mr. Tom C. Stephenson, Beaumont, Texas

"Dear Sir: We are enclosing herewith a few claim blanks for both injuries and death claims. We do not keep a large supply of these forms on hand, but same may be obtained in any quantity from E. L. Steck & Co., from whom this Department purchases its blank forms.

"Yours very truly."

On December 15, 1927, the Industrial Accident Board wrote Mr. Stephenson the following letter:

"M–30895. In re: Henry Cartwright v. Union City Transfer Co. Security Union Ins. Co., Box 1822, Houston, Texas.

"Gentlemen: This is to advise that the above mentioned claim has been set for hearing before the Board on January 17, 1928, on its merits to hear evidence to determine liability of the insurance company; and if liable, to determine who the beneficiaries are and all questions appropriately before the Board incident to the main question, including application for lump sum settlement, and if that is refused, then on the reduction of the periods and corresponding increase of the rate, and to fix an appropriate award in keeping with the facts in the case."

On the claim of Ella Cartwright the following award was made on January 19, 1928:

"Henry Cartwright (Dec'd) Employee vs. Union City Transfer Company, Employer Security Union Insurance Company, Insurer. M–30895.

"On this 19th day of January, A. D. 1928, after due notice to all parties at interest, came on to be considered by the Industrial Accident Board claim for compensation made

and asserted herein by Ella Cartwright, surviving widow of Henry Cartwright, deceased, against the Security Union Insurance Company, which has not been settled by agreement between the parties, and the Board now finds and orders as follows:

"That said beneficiary has failed to sustain the burden imposed upon her by law to establish to the satisfaction of the Board by the introduction of evidence or submission of proof that Henry Cartwright suffered injury resulting in death while engaged in the course of his employment in the capacity of employee for the subscribing employer herein, but to the contrary it has been made to appear that his death was due to natural causes in no way connected with or incident to his employment, and therefore claim for compensation made and asserted herein by Ella Cartwright must be and the same is hereby denied and refused and the said Security Union Insurance Company must be and is hereby fully and finally acquitted and discharged from all liability on account of said claim for compensation, and it is so ordered, adjudged and decreed by the said Board."

### Opinion.

We cannot escape the conclusion that the Industrial Accident Board had before it not only the slight injury of April 25, 1927, but also the death claim of May 14, 1927. We say this for the following reasons: (a) The board was duly notified by letters received from Mr. Stephenson under the claim number of the board, M–30895, Henry Cartwright, Deceased, v. Union City Transfer Company, that the claimant was seeking compensation for a death claim. (b) By its letter to Mr. Stephenson, dated the 15th of December, 1927, under this same file number, it advised Mr. Stephenson that this claim was set for hearing on January 17th, "to determine liability of the insurance company" and, further, "to determine who the beneficiaries are and all questions appropriately before the Board incident to the main question, including application for lump sum settlement." While a death claim is not referred to in this letter, its whole tenor was to advise Mr. Stephenson that the death claim would be considered. (c) With the notice of claim before the board, as above given, and upon the letters above given, the board received proof offered by Ella Cartwright directly upon the issue of Ella Cartwright's claim for compensation for the death of Henry Cartwright. (d) With the claim and the letters and the proof before the board setting forth beyond any question the nature of the claim asserted by Ella Cartwright, the board proceeded on the 19th day of January, 1928, to adjudicate her claim as a death claim and affirmatively held that she had failed "to sustain the burden imposed upon her by law to establish to the satisfaction of the board by the introduction of evidence or submission of proof that Henry Cartwright suffered injury resulting in death while engaged in the course of his employment," etc.

No formal pleadings are required to present to the Industrial Accident Board a claim for compensation under the Workmen's Compensation Act (Vernon's Ann. Civ. St. arts. 8306–8309). All that is required is that notice be given and that the claim be filed. In this case notice was given, claim was filed, and a specific demand made for compensation on a claim of death. The board adjudicated against Ella Cartwright her claim for compensation because of the death of her husband. Under the record as made by her before the Industrial Accident Board, this was a final disposition of her claim, and she had no relief against it except by appeal. The facts were sufficient to confer jurisdiction upon the district court to review the adverse award of the Industrial Accident Board.

It is true that E. B. Barnes, secretary of the Industrial Accident Board, testified as follows:

"As far as our records disclose, neither Henry Cartwright nor Ella Cartwright made any claim before the Industrial Accident Board seeking compensation for any other injury than the one alleged to have been received on April 25, 1927. The records of this Board do not reflect that any claim was made for injury alleged to have been sustained by Henry Cartwright on May 14th, 1927, other than stated above. No claim having been made or asserted on account of injury alleged to have been sustained on May 14th, 1927, therefore Board had nothing upon which to act in regard to such a claim.

"The records of this Board do not reflect that any other claim than the one by Ella Cartwright on account of alleged fatal injury and death of Henry Cartwright on April 25, 1927, has been filed in this Department."

This testimony, on the record presented, was a mere legal conclusion by Mr. Barnes as to the effect of the claim asserted by Ella Cartwright. In concluding on these facts that Ella Cartwright had made no claim for the death of her husband, he was in error. It follows that the judgment of the lower court should be affirmed, and it is accordingly so ordered.

Affirmed.