**WESTERN CASUALTY CO. v. DeLEON.**

No. 14170.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 14, 1941.

Rehearing Denied March 14, 1941.

Cantey, Hanger, McMahon, McKnight & Johnson and F. T. Denny, all of Fort Worth, for appellant.

Graves & Collins and Garland Flowers, all of Fort Worth, for appellee.

BROWN, Justice.

This is a Workmen's Compensation case, in which Floyd DeLeon is the plaintiff and Western Casualty Company, defendant, is the insurance carrier.

DeLeon, while working for Armour & Company, at its Fort Worth plant, claims that he fell down a flight of steps while working at the plant, on December 12th, 1935, and was injured.

On January 6th, 1936, he gave written notice of his injury and made his claim to the Industrial Accident Board, in which we find the following: "The place of injury was Armour plant. Cause of injury: slipped and fell down stair. State part of body injured: ruptured. Nature of injury, as near as possible: ———."

The quoted portions appear in the notice of injury.

The following appear in the claim before the Board: "The place of injury was Armour plant. Cause of injury: slipped and fell on stair ascending from fifth to fourth floor. State part of body injured and nature and extent of injury: ruptured."

On February 26th, 1936, the Board made its award in the usual language, finding that the claimant had sustained an injury causing a hernia and ordering the claimant to submit to an operation at the hands of a surgeon selected by the Board.

On March 16th, 1936, the attorney for DeLeon, in connection with DeLeon's claim, wrote to the Board, stating, among other matters: "It is the contention of the employee, DeLeon, that on December 12th, 1935, he suffered accidental injury in the course of his employment, resulting in original hernia, and also received injuries to his back, totally incapacitating him from performing any part of his labor, and that as a result of his injury he is entitled to compensation at the rate of $15.09 per week beginning December 12th, 1935, and that he is also entitled to relief from the hernia by radical operation to be performed at the

expense of the insurer and that he is entitled to compensation of not less than 26 weeks, beginning the date of the operation and duration of which to be determined by the outcome of the operation."

This letter further requested the Board to order the insurer to pay the accrued compensation before the claimant presents himself to the surgeon for the operation ordered, "so that the employee will get the benefit of his compensation and then get the benefit of surgical relief."

The claimant did not report to the surgeon selected by the Board but sought his own physician and was operated on in April, 1936. It is undisputed that the operation was successful.

On May 31st, 1937, DeLeon filed an amended claim with the Board, in which he gave as the nature and extent of his injury: "Hernia and an injury to back, head, legs, side and right shoulder and the body generally, am totally and permanently disabled and ask for compensation for four hundred and one weeks at 60% of average weekly wages."

On July 6th, 1938, the Board made its award, finding the claimant suffered a hernia, that he submitted to a surgical operation on April 9th, 1936, and was cured, and awarding him compensation for 26 weeks, ordering the insurer to pay the hospital bill and the surgeon's bill. From this award the claimant has appealed, and his pleading sets forth many injuries and results of injuries. In other words, he has definitely enlarged his claim to cover: "the arteries, blood vessels, nerves, muscles, ligaments, cartileges, tendons and tissues in and around his head, shoulder, back and spine were wrenched, torn, lacerated, bruised and otherwise injured; a severe strain to and a separation of the sacro-iliac joints; a severe strain and injury to his back in the lumbar region; a shock to the nervous system; as a result of said accident and injuries he suffers nervousness, weakness, sleepness (sleeplessness?), loss of weight, loss of appetite; inability to stand erectly, limited motion of his body from the waist, a gradual withering away and weakness of his leg; inability to walk any distance without the aid of a walking cane, severe pain in his back on exertion, headache, as a result of these injuries plaintiff has and will continue to suffer pain."

He alleges total and permanent disability as a result.

The insurer denied under oath that the claim for the injuries sued for was filed with the Board within the time prescribed by law, and sought to confine the claimant to his claim for the hernia.

The cause was tried to a jury, and on the answers to special issues the trial court rendered judgment for claimant for total and permanent disability. The insurer has appealed, and presents fourteen propositions, supported by assignments of error.

We notice the second and third propositions first, and they urge that where the only claim for compensation filed within six months from date of injury was with reference to an injury described as a rupture, and two and one-half years later a claim was filed setting up for the first time injuries to the back, shoulder and body generally, such claim being filed long after the admitted successful operation of the hernia and long after full recovery therefrom, in the absence of pleading and proof of "good cause" for the delay in filing the claim for general injuries, the court was without jurisdiction of the subject matter of the suit.

The third proposition contends that a claim for compensation for general injuries filed two and one-half years after the date of the injury is not an amendment of or enlargement upon a claim filed for a hernia which had been successfully operated and cured long prior to the filing of the claim for general debility, but such was an original claim which is required to be filed within 6 months.

■ We believe that the law-making body of Texas intended, when it enacted the Workmen's Compensation Law (Vernon's T.C.S., Arts. 8306 to 8309, inclusive, and amendments), that employees in this State should have a simple, effective and inexpensive method of applying for relief when injured in the course of employment.

■ The Board set up to hear and determine all claims is and was intended to be a rather informal, quasi judicial body vested with much discretion and given wide latitude in arriving at the facts in each case. Because we so believe, we are loathe to hold a claimant to a rigid rule in making his claim.

■ In our opinion, it is the duty of the Board to discover the injuries at its hearings. The law does not contemplate that the injured employee must secure the services of an attorney before the Board. That

he may do so does not lessen the duty of the Board to arrive at the facts. Traders & General Ins. Co. v. Huntsman, Tex.Civ.App., 125 S.W.2d 431, error dismissed, judgment correct.

■ Furthermore, we are of opinion that when a claim is filed in due season, it matters not how the injury may be described, it may be amended at any. time before the Board has finally disposed of the claim. Traders & General Ins. Co. v. Herndon, Tex.Civ.App., 95 S.W.2d 540, writ dismissed.

■ Furthermore, we are of opinion that a letter written to the Board, by the attorney for the claimant, setting forth the claims and contentions of the injured employee, asking a revision and amendment of the award, in this hernia case, is an amended claim and should be considered as such. Security Union Ins. Co. v. Cartwright, Tex. Civ.App. 33 S.W.2d 1088.

■ Furthermore, it is evident that the ruling and award of the Board requiring the employee to submit to the hernia operation was not a final award, but that it became the duty of the Board to make a final award after the operation and when the results were made known.

■ In our opinion, the Board had jurisdiction over the claim when the amended claim was filed and acted upon, as shown above. De Leon v. Western Casualty Co., Tex.Civ.App., 114 S.W.2d 274.

The first proposition asserts that the verdict is incomplete and can form no basis for a judgment because the jury failed to answer three special issues, namely, whether or not the claimant would suffer partial incapacity in the future, the number of weeks he will so suffer, and the percentage of incapacity.

■ We find no error. The jury found first that the claimant has suffered no partial incapacity, and it was not necessary for the three issues mentioned to be answered in order for the verdict to be complete.

The eighth proposition asserts that where it is alleged that disability is the collective result of enumerated injuries, the submission of such issues separately as a predicate for the recovery of compensation in such a way as to permit the awarding of compensation on either of the alleged injuries standing alone is erroneous.

■

The trial court submitted to the jury two separate and distinct injuries, supported by proof, and the jury found that each was received by the claimant, and then the court submitted this issue: "Do you find from a preponderance of the evidence that Floyd DeLeon, on the 12th day of December, 1935, was totally incapacitated, as that term is defined above, as a result of such injury, or injuries, if any injury or injuries you have found, in answer to the foregoing issues?"

The two issues referred to were with respect to an injury to the lumbar region of the claimant's back, and to the sacro-iliac joints of his back.

■ We find no error in the manner of submission of the issue on total incapacity.

The ninth proposition, to the effect that the charge constitutes a dual submission and an undue emphasis of the issues of liability, presents no error.

In the 10th and 11th propositions it is urged that, in a compensation case, where the evidence discloses that one of the results of the injury was the development of a hernia, which was operated after about four months, and the evidence of any other injury was conflicting, and no recovery is sought for the hernia, the trial court should have expressly excluded from the jury's consideration any disability that resulted from the hernia; and that where the trial court did not so limit the jury in the charge, there is error because it allowed the jury to award compensation for the hernia in the absence of pleadings and proof essential to such recovery.

■ We find no error here, because the claimant has sued for total, permanent disability, and he is not asking to be compensated for the hernia. If it be true that he is totally and permanently disabled, as was found by the jury, on conflicting testimony, we see no reason why the claimant should be denied the privilege of having his own surgeon perform the operation, and of paying the surgeon and hospital charges, either out of his own funds or out of the compensation that he recovers.

As we view this record, the hernia was merely one of the results of the injuries received, and the claimant has asked no recovery on account of the hernia. He testified that the hernia was repaired; that he has fully recovered from it.

No objection was made to the testimony touching upon the hernia, the operation

450

and the recovery. Both parties brought out these facts. The insurer wanted the facts in evidence for the purpose of showing that the only injury claimed by DeLeon before the Board, was bottomed on the hernia, and that any and all other claims are barred because not filed with the Board within the time required by the Workmen's Compensation Statutes.

The evidence was presented on that theory and issue and no effort was made to have it limited.

We believe that, where the trial court submitted to the jury the issues touching upon the two injuries pleaded and sustained by proof and then inquired of the jury whether these injuries, or either of them, resulted in total and permanent disability of the claimant, it was not necessary for the court to instruct the jury not to consider the testimony relating to the hernia in arriving at an answer to the issues touching the disability suffered by the claimant.

The charge appears to us to restrict and confine the jury to the injuries pleaded and submitted, and in view of the testimony that the claimant has entirely recovered from the hernia, we can see no error in the charge.

The other propositions will not be discussed as they do not, in our opinion, present any new questions on material issues, and, after consideration, all assignments of error are overruled. Judgment affirmed.