## SANDERS v. MORAN et al.

### No. 13215.

Court of Civil Appeals of Texas. Dallas.
June 12, 1942.

Rehearing Denied July 17, 1942.

A. P. Caywood, of Sherman, for appellant.

A. F. Nossaman and O. H. Woodrow, both of Sherman, for appellees.

YOUNG, Justice.

Appellant brought this suit to remove cloud from title to 25 acres of land in Grayson County; defendants being Ed Moran, administrator of the estate of Mary A. Sanders, deceased, and the heirs thereof other than plaintiff. At conclusion of the testimony, the jury gave answers, as below indicated, to the questions submitted in the court's charge:

"(1) Do you find from a preponderance of the evidence that the plaintiff, Homer S. Sanders, held adverse possession of the land in controversy for a period of ten years pri-

or to the death of Mary A. Sanders on the 28th day of September, 1927? Answer: No.

"(2) Do you find from a preponderance of the evidence that plaintiff's possession, if any, of the land in controversy, from 1906 to September 28, 1927, the date of the death of Mary A. Sanders, was in recognition of the title of Mary A. Sanders to such property? Answer: Yes.

"(3) Did Mary A. Sanders during her lifetime have notice of any claim of right by the plaintiff, Homer S. Sanders, in the land inconsistent with or hostile to her, the said Mary A. Sanders, if any such claim was made by the plaintiff herein? Answer: No."

Thereafter, upon motion of defendant, judgment was rendered that plaintiff, Homer S. Sanders, take nothing by his suit; the court finding further, that the possession of plaintiff was peaceable but not adverse, with consequence of this appeal.

The cause of action under review was based upon a claimed gift of the 25 acres to plaintiff by his mother in 1906, he moving thereon with his family and making valuable improvements; alleging that same had constituted his homestead up to the present time; and, in the alternative, asserting title under the ten-year statute of limitations, Vernon's Ann.Civ.St. art. 5510.

■ The trial court did not err in sustaining objection to plaintiff's statement that "My mother gave this tract to me," such being not only a conclusion but patently violative of Art. 3716, as a transaction with the deceased ancestor. No other testimony was tendered by plaintiff concerning existence of a verbal gift.

■■ Appellant's 16 points of error relate mainly to admission and exclusion of evidence, 11 of which are objected to by appellees because not predicated on appropriate exceptions to testimony at time of introduction; Art. 2237 R.S. For the most part, the evidence complained of involves certain acts and conduct of Homer S. Sanders in relation to the 25 acres after the death of his mother, Mary A. Sanders; it being contended by appellant that his possession during the lifetime of Mrs. Sanders had ripened into title by limitation, which could not be divested by later statements or acts on his part. The trial court correctly admitted the proffered testimony, on the theory that said acts and admissions of plaintiff, touching the property after his claim of title had allegedly matured, were competent to disclose the true character of his possession during the mother's lifetime, and comprehended proper defensive facts. And likewise, the matters testified to by Ed Moran concerning his administration of the estate in question were proper for the jury's consideration in deciding the issued above noted.

Mary A. Sanders died in 1927, and Mr. Moran duly qualified as administrator of her property, including the 25 acres in suit, which administration is still pending. Appellant was one of the eight heirs to said estate; many of the other children having been permitted to live on parts of the land for long intervals, cultivating same, in full recognition of the true title vested in their father and mother; and with no claim of adverse possession on part of any heir, until filing of this suit. Mary A. Sanders had always paid taxes on the entire 121 acres; at one time, executing an oil and gas lease, without joinder of any children. After her death, the administrator had continued the payment of all taxes. On the other hand, Homer S. Sanders had never rendered any of the land for taxation, his own renditions for 1939 and 1940 disclosing ownership of personal property only.

■ In 1930, as the administrator testified, he caused a survey of the entire home place (121 acres) for purpose of securing a correct description in filing inventory and appraisement; plaintiff Sanders assisted in measuring all survey lines, but the latter denied that his participation in the survey included the claimed acreage. During 1937, application was made in Probate Court to close the estate by partition or sale thereof, whereupon title defects were found, necessitating a suit by the administrator to quiet title in the heirs at law of Mary A. Sanders, pursuant to provisions of Art. 1981, R.S. After judgment curing title, the application to partition or sell was renewed and appellant signed a waiver of service; however, in court, he denied knowledge of the nature or effect of aforesaid transaction; in the meantime, taking the position that the land should not be sold, but divided; and that his one-eighth part should consist of the 25 acres now claimed by limitation. In this connection, plaintiff testified upon cross-examination: "It is a fact that I had never asserted any title to this very property, never asserted any title to it until just shortly before this lawsuit was filed and after I consulted A. P. Caywood and up until that time the only claim I made in the

home tract out there or any portion of the land out there was a one-eighth undivided interest, that I owned one-eighth together with my other brothers and sisters and lawful heirs." While it is true that plaintiff's direct testimony was to outright ownership of the 25 acres since he first went upon it in 1906, the result of his contradictory statements raised issues given by the court and by the jury decided in favor of the estate. When a witness makes inconsistent or conflicting statements, the question of what the facts really were is for the jury. 36 Tex. Dig., Trial, p. 193, (1) et seq; 45 Tex. Jur., Witnesses, p. 288, Sec. 350.

We conclude that this case has been well and fairly tried; that aforesaid jury verdict is supported by competent testimony; and that appellant's many assignments, complaining of procedural errors, are without merit. Accordingly, this cause is, in all respects, affirmed.

Affirmed.