CITY OF SAN ANTONIO, Appellant,

v.

Louis GONZALES et al., Appellees.

No. 13215.

Court of Civil Appeals of Texas.

San Antonio.

June 19, 1957.

Rehearing Denied July 24, 1957.

Carlos C. Cadena, City Atty., and Crawford B. Reeder, Asst. City Atty., San Antonio, for appellant.

W. W. Palmer and Jewell D. Lemons, San Antonio, for appellees.

W. O. MURRAY, Chief Justice.

This is a condemnation suit. The appellees, Louis Gonzales and his wife, Maria Gonzales, and Investors Syndicate of America, Inc., appealed from an award made by court appointed commissioners, and in due course a trial de novo was held before a jury. The jury found, among other things, that the strip of ground taken by the City of San Antonio was of the cash market value of $1,975. Judgment was rendered on the verdict in favor of appellees in the sum of $2,600, which included the item of $1,975. Appellant, City of San Antonio, moved for judgment notwithstanding the verdict, which was by the court overruled, and the City has appealed, contending that the court erred in overruling such motion.

This appeal presents but one question, which is, whether or not the court erred in overruling appellant's motion for judgment notwithstanding the verdict. The City did not file a motion for a new trial and, therefore, under the provisions of Rule 324, Texas Rules of Civil Procedure, cannot raise any question except the one above stated. Miller v. Miller, Tex.Civ. App., 274 S.W.2d 762.

Appellant's motion for judgment non obstante veredicto was based upon the contention that there was "no evidence" to support the finding of the jury that the strip of land taken by the City was worth as much as $1,975. The appellees placed upon the witness stand one Tom. H.

430

Etheridge, who qualified as an expert on real estate values and then testified that in his opinion the strip of land taken by the City was of the value of $2,250. He later gave testimony which may be regarded as contradicting this evidence and being inconsistent with it. However, a fact question was thus raised for decision by the jury and their verdict will not be disturbed upon a motion for judgment notwithstanding the verdict. Where a witness' testimony is inconsistent and contradictory, it is for the jury to say which of the two statements is true, or the jury may entirely disregard all of the testimony. However, the judge cannot hold that evidence which is inconsistent and contradictory is "no evidence." Sanders v. Moran, Tex.Civ.App., 164 S.W. 2d 39; 44 Tex.Jur. p. 288, § 350.

The direct testimony of the witness Etheridge, who was an expert on real estate values, that the property taken was of the value of $2,250, was "some evidence" in support of the jury's finding, and the trial court properly overruled appellant's motion for judgment non obstante veredicto.

The judgment is affirmed.