**L. C. PRINCE, Appellant,**

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

**No. 4442.**

Court of Civil Appeals of Texas, Eastland.

April 23, 1971.

Rehearing Denied May 14, 1971.

Wilson, Berry & Jorgenson, Roy B. Johnson, Dallas, for appellant.

McMahon, Smart, Sprain, Wilson & Camp, John Camp, Abilene, for appellee.

WALTER, Justice.

This is a workmen's compensation case. The court held that a letter written by L. C. Prince to the Industrial Accident Board and the amendment to same filed with the Board did not constitute a claim for compensation. The jury found Prince totally and permanently disabled and that he had good cause for late filing of his claim before the Board. The court rendered judgment for Texas Employers' Insurance Association non obstante veredicto. Prince has appealed and contends the court erred in finding, as a matter of law, that his claim had not been filed with the Board within six months.

Prince wrote a letter on October 17, 1967 to the Board and it was received by it on October 18, 1967. The letter is as follows:

"10–17–67

Industrial Accident Board
State Insurance

I turn a claim in on my self in August with the WEstern Lime Stone Co inc at Lueders Texas. I haven't even herd from any one

If I don't here from them in 10 days I will call why

As ever
L C Prince
Box 96
Lueders Texas    79533"

Thereafter on September 23, 1968 he filed an amended claim with the Board.

The amended claim describes a claim for an injury on or about June 23, 1967 while employed by Western Limestone, Inc. It alleges that while "operating a side boom—hooks and chain hit me in head knocking me sideways into a jacknifed position causing injuries to my head; neck; back and other internal and external injuries". It further alleged that he had been working for the company for 9 years.

It was stipulated that a representative from the insurance company took a statement from Prince on October 30, 1967 in which he detailed his accident on the side boom.

In Johnson v. American General Insurance Company, 464 S.W.2d 83, January 6, 1971, the Supreme Court said:

"On the other hand, the statutes have not prescribed the manner or form for making a claim. No provision is made for pleadings or for the formality of procedure before the Board. It is desirable that the procedure be of such simplicity that` the injured employee will be able to file his claim by himself in his own terms. He may have little knowledge of medicine or the law. A purpose in the filing of the claim is to give such information as will identify the injury or condition and serve as a basis for proper investigation, hearing and determination of the claim. The notice must describe an injury or a condition that is potentially compensable; and on appeal there must be, at least in general, an identity of the injury or condition presented to the Board."

In Western Casualty Co. v. DeLeon, 148 S.W.2d 446 (Tex.Civ.App., writ dismd. jud. correct) the court said:

"Furthermore, we are of opinion that when a claim is filed in due season, it matters not how the injury may be described, it may be amended at any time before the Board has finally disposed of the claim. Traders & General Ins. Co. v. Herndon, Tex.Civ.App., 95 S.W.2d 540, writ dismissed."

Within two weeks after Prince's letter was received by the Board, a representative from the insurance company interviewed him at his home and took a written statement from him concerning his claim. The adjuster testified that when he took the statement he knew that Prince had made a claim for injuries and he needed to talk to him about the claim that had been reported. In his statement, Prince gave information about his accident, his injury and his operation for a ruptured disc which he contended was caused by the accident. As stated in Johnson v. American General, etc., supra, a purpose in filing a claim is to give such information as will identify the injury or condition and serve as a basis for proper investigation of the claim. The letter produced this result. When asked how much schooling he had, Prince answered, "I went mostly through the sixth grade". He is sixty-six years of age and during his lifetime he had done farming, worked in the stone quarry and gypsum plant and served as a janitor at the Lueders school. Prince's letter would indicate that he had little knowledge of medicine or law. The Supreme Court said in Johnson v. American General, etc., supra, that the statutes do not prescribe the manner or form for making a claim and that the procedure should be of such simplicity that an injured employee should be able to file his claim by himself in his own terms. Prince's letter is a masterpiece for simplicity, but the words he used conveyed the message and no one was misled by his inability to more intelligently communicate. We hold that the letter and the amendment thereto constituted a proper claim filed with the Board within the time prescribed by our statutes.

Prince also contends the court erred in disregarding the jury's findings of good cause and granting judgment non obstante veredicto.

Prince testified substantially as follows:

I talked to Texas Employers' Insurance adjuster about my claim for injury and he told me "keep quiet and I will take care of

it". He told me not to hire a lawyer. He said "Don't get hot-headed like some fellows do and jump out here and hire a lawyer because we will take care of you" and I believed him. That is the reason I didn't go ahead and prosecute my claim. I wrote a letter to the Board and I thought that the letter was a claim for compensation.

■ Prince gave testimony on cross examination which was contradictory and inconsistent with some of his testimony on direct examination. The insurance company contends the issue of good cause becomes a question of law when the evidence points to a lack of diligence on the part of the claimant as the only reasonable conclusion and relies on Texas Employers' Insurance Association v. Brantley, 402 S.W.2d 140 (Tex.1966) This case does support the company's contention. The case also asserts that the question of whether the claimant used the degree of diligence required is ordinarily one of fact. We think a fact issue was presented by the evidence and the court erred in rendering judgment non obstante veredicto.

The jury found that Prince believed until about September 23, 1968 that it was not necessary for him to file a claim because of statements made to him by the adjuster and that such belief prevented him from filing his claim until about September 23, 1968 and that a reasonable prudent person would for such reason delay the filing of his claim and that Prince believed until about September 23, 1968 that the adjuster who called on him on October 30, 1967 would or had taken care of filing of his claim and that such belief prevented him from filing his claim until about September 23, 1968 and that a reasonable prudent person would for such reason delay the filing of his claim for such length of time and that Prince believed that his letter filed with the Board was sufficient to meet the legal requirements for making claim for his injuries and that such belief prevented him from filing any other claim until the time his amended claim was filed and that a reasonable prudent person for such reason would delay the filing of such claim for such length of time.

In City of San Antonio v. Gonzales, 304 S.W.2d 429 (Tex.Civ.App., Writ Ref. n. r. e.) the court said:

"Appellant's motion for judgment non obstante veredicto was based upon the contention that there was 'no evidence' to support the finding of the jury that the strip of land taken by the City was worth as much as $1,975. The appellees placed upon the witness stand one Tom. H. Etheridge, who qualified as an expert on real estate values and then testified that in his opinion the strip of land taken by the City was of the value of $2,250. He later gave testimony which may be regarded as contradicting this evidence and being inconsistent with it. However, a fact question was thus raised for decision by the jury and their verdict will not be disturbed upon a motion for judgment notwithstanding the verdict. Where a witness' testimony is inconsistent and contradictory, it is for the jury to say which of the two statements is true, or the jury may entirely disregard all of the testimony. However, the judge cannot hold that evidence which is inconsistent and contradictory is 'no evidence'. Sanders v. Moran, Tex.Civ. App., 164 S.W.2d 39, 44 Tex.Jur. p. 288, § 350."

In Gibbs v. Texas Employers' Insurance Association, 378 S.W.2d 349 (Tex.Civ.App., Writ Ref. n. r. e.) the court said:

"It is evident that both the employer and the insurer knew of Gibbs' injury immediately after it occurred. Therefore, the insurance company was not prevented by Gibbs' delay in filing a claim from promptly making an investigation. The test for determining whether good cause exists for failure to timely file a claim for compensation is whether the claimant prosecuted his claim with the degree of diligence that an ordinary prudent per-

son would have exercised under the same or similar circumstances. Whether a claimant used such diligence is ordinarily a question of fact. It is only when the evidence, construed most favorably for the claimant, admits of no other reasonable conclusion that it can be held as a matter of law that good cause does not exist. Hawkins v. Safety Casualty Company, 146 Tex. 381, 207 S.W.2d 370, 372."

The judgment is reversed and the cause is remanded to the trial court with instructions to render judgment for the appellant in accordance with the stipulation of the parties, the verdict of the jury and the judgment of this court.