Francisco **MARTINEZ**, Appellant,

v.

**COMMERCIAL STANDARD INSURANCE COMPANY**, Appellee.

**No. 6908.**

Court of Civil Appeals of Texas, El Paso.

May 7, 1980.

Rehearing Denied June 4, 1980.

Joseph A. Morgan and Ralph E. Harris, Carlos M. Sepulveda, El Paso, for appellant.

Grambling, Mounce, Sims, Galatzan & Harris, Morris A. Galatzan, Wiley F. James, III, El Paso, for appellee.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is a worker's compensation case which presents the question of whether there is a fatal variance between the claim before the Industrial Accident Board and that pled in the District Court. The trial Court sustained the Insurance carrier's plea in abatement, holding that the variance was fatal. We reverse and remand.

Appellant filed his claim with the Industrial Accident Board on a form prescribed by the Board and duly signed by him, and there is no question but this was a proper presentation of a claim and the Board had jurisdiction. In that form, he describes his accident and injury as being: "I hit a nail and it broke, hitting me in my left eye injuring both eyes as they both bled." Appellant's attorney later filed what is denominated a "Claimant's Narrative Summary," in which it is said that a general injury has resulted in that the Appellant has developed a psychiatric problem through fear of losing his eyesight. In his appeal of the award of the Board, Appellant alleged this general injury. Appellee then filed its plea in abatement, alleging variance between the claim presented to the Board and the one before the Court.

In the appeal to the Court from the Board, a claimant must plead and prove presentation of a claim before the Industrial Accident Board which has been acted upon by the Board, and the claim asserted in the district court must be the same as that filed with and acted upon by the Board. These conditions must be fulfilled for the court to have jurisdiction. *Solomon v. Massachusetts Bonding and Insurance Company*, 347 S.W.2d 17 (Tex.Civ.App.—San Antonio 1961, writ ref'd); *Select Insurance Company v. Patton*, 506 S.W.2d 677 (Tex.Civ.App.—Amarillo 1974, no writ). In the case before us, an amended claim, as such, was not filed, and Appellee contends that leaves only the original claim before the Board and that it is in fatal variance with the claim presented in Court. We are of the opinion that the Claimant's Narrative Summary filed by his attorney is a proper enlargement of his original claim and is not at variance with the court pleadings.

In *Johnson v. American General Insurance Company*, 464 S.W.2d 83 (Tex.1971), the Supreme Court said:

On the other hand, the statutes have not prescribed the manner or form for making a claim. No provision is made for pleadings or for the formality of procedure before the Board. It is desirable that the procedure be of such simplicity that the injured employee will be able to file his claim by himself in his own terms. He may have little knowledge of medicine or the law. A purpose in the filing of the claim is to give such information as will identify the injury or condition and serve as a basis for proper investigation, hearing and determination of the claim.

The narrative summary filed by the attorney meets that purpose, describes the original injury, the treatment, the different doctors seen, the prognosis and later developments, stating:

He has completely lost all sight in the left eye and has already begun to have problems with his right eye from a sympathetic reaction.

The Claimant has developed a phychiatric [sic] problem as a result of losing his

complete eye sight in his left eye and with the sympathetic problems developing from his right eye. . . . He is now evidently suffering from a traumatic neurosis and/or conversion hysteria. He is now being examined by a phychiatrist [sic] of the City of El Paso and within a few days it is expected that we will have an opinion from this phychiatrist [sic].

The case is now developed into a general injury rather than a specific loss of the left eye.

In view of the development of this case into a general injury and because it will be several days before psychiatric reports can be obtained on the claimant, it is respectfully requested that an award not be entered until the phychiatric [sic] reports can be forwarded to the Industrial Accident Board and reviewed by the Board. It is expected that such reports will be available within a few days and possibly before the date of the hearing as it stands on January 17, 1975.

WHEREFORE, PREMISES CONSIDERED, the Claimant respectfully requests that the Honorable Industrial Accident Board consider this as a general injury and upon the report of the Psychiatrist being made available to the Board. That the Board make an award in this case for total and permanent disability.

A copy of this narrative summary was supplied to the Appellee; the Appellee responded with a letter to the Industrial Accident Board contending that the loss was limited to the eye, saying: "[W]e petition the Honorable Board limit the award to that specific loss."

The Industrial Accident Board entered its award limiting recovery of benefits to the loss of Appellant's left eye. In the Appellant's appeal to the Court, in his original petition he describes his injuries in almost the same language that they were described in his narrative statement before the Board.

▪ As said by the Court in *Western Casualty Co. v. DeLeon*, 148 S.W.2d 446 (Tex.Civ.App.—Fort Worth, 1941, writ dism'd jdgmt. cor.):

Furthermore, we are of opinion that when a claim is filed in due season, it matters not how the injury may be described, it may be amended at any time before the Board has finally disposed of the claim. *Traders & General Ins. Co. v. Herndon*, Tex.Civ.App., 95 S.W.2d 540, writ dismissed.

We hold that there was no fatal variance and that the Court had jurisdiction. The judgment of the trial Court is reversed, and the cause is remanded for trial.