**TEXAS EMPLOYERS' INSURANCE
ASSOCIATION, Appellant,**

v.

**Paul Benton MEYER, Appellee.**

**No. 6241.**

Court of Civil Appeals of Texas,
Waco.

July 16, 1981.

Malcolm Williams, Martin & Sperry, Houston, for appellant.

Carl R. Roth, Jones, Jones, Baldwin, Curry & Roth, Marshall, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal from a judgment awarding benefits for total and permanent disability under the Workers' Compensation Act.

Plaintiff Meyer sued defendant insurance carrier alleging an on-the-job back injury occurring on January 17, 1978 while he was employed by O'Connor and Young Drilling Company. Trial was to a jury which found plaintiff was totally and permanently disabled as a result of his back injury. The trial court rendered judgment for plaintiff on the verdict.

Defendant appeals on one point: "The trial court erred in excluding the testimony of Paul O'Connor and such error amounted to a denial of the rights of appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment".

Plaintiff alleged he received an on-the-job back injury on January 17, 1978 while working for O'Connor and Young as an oil well driller. Plaintiff underwent back surgery subsequently. He testified that he did not perform any gainful work since the back surgery and had not held any kind of employment since January 1978.

Defendant called Paul O'Connor, co-owner of O'Connor and Young Drilling Company, as a witness. Counsel for plaintiff objected "to Mr. O'Connor being permitted to testify to any of the events concerning plaintiff's claim on the basis that defendant

has failed to disclose in answers to Interrogatories the name of this person as a potential witness in the case, and that prevents us from having an opportunity to adequately prepare."

The trial court sustained the objection. Mr. O'Connor's testimony was then given outside the presence of the jury. He testified that subsequent to the incident made basis for this suit, "I visited a rigup yard in Houston that was putting a rig together for Intrepid Drilling Company. * * and I saw [plaintiff] out there working at the rig with his crew * * ".

Plaintiff served interrogatories on defendant which were initially answered on November 12, 1978. Interrogatory 13 inquired: "List the witnesses whose testimony the Defendant expects to offer at the trial of this case concerning or bearing on the issue of the extent and duration of the disability or incapacity to work alleged by the plaintiff". Defendant answered that the information would be provided at a later date when a decision was made as to whom would be used as a witness.

Thereafter on the eve of trial April 8, 1980 counsel for defendant told counsel for plaintiff he did not anticipate having any witnesses, but if he decided to call any witness they would be one of those previously known to plaintiff and listed in plaintiff's responses to defendant's interrogatories. Mr. O'Connor was not included in such list.

At the hearing outside the presence of the jury, Mr. O'Connor testified that on the same day he had telephoned defendant insurance carrier and told them that he had seen plaintiff working and suggested they "get a hold of Intrepid and also go out and take some pictures"; and further told defendant "I can testify he was working". Witness McManess, defendant's adjuster handling plaintiff's claim, testified that he had the above conversation with O'Connor, and that he contacted Intrepid and was informed that Meyer had never worked for them.

Defendant not only failed to object to Interrogatory 13, but agreed to provide the information at a later date; did not provide the information until well into trial when it called Mr. O'Connor as a witness; and defendant had known that Mr. O'Connor claimed to have seen plaintiff working and was willing to testify to such for some two years before the trial.

■ It is within the sound discretion of the trial court to impose sanctions or penalties, including the exclusion of evidence where a party has failed or refused to reasonably comply with discovery rules or answer interrogatories pursuant to discovery rules, and the court's action can be set aside only upon a showing of a clear abuse of discretion. *U.S. Leasing v. O'Neill, Price, Anderson,* (Tex.Civ.App. Houston 14) NWH, 553 S.W.2d 11; *Trubell v. Patten,* (Tex.Civ. App. Tyler) NWH, 582 S.W.2d 606; *Young Companies v. Bayou Corp.,* (Tex.Civ.App. Beaumont) NWH, 545 S.W.2d 901; *Ebeling v. Gawlik,* (Tex.Civ.App. Houston 1), 487 S.W.2d 187; *Hankins v. Haffa,* (Tex.Civ. App. Amarillo) NWH, 469 S.W.2d 733; *Fisher v. Continental Ill. Nat. Bank,* (Tex. Civ.App. Houston 14) NRE, 424 S.W.2d 664.

The trial court did not abuse its discretion in refusing to permit Mr. O'Connor to testify.

■ Moreover, under the record as a whole, it appears that defendant made an investigation to see if plaintiff had worked for Intrepid and conclusively established that he had not, thus rendering the action of the trial court in excluding O'Connor's testimony harmless.

Defendant's point is overruled.

AFFIRMED.