**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Juan S. GARZA, Appellee.**

**No. 13-83-550-CV.**

Court of Appeals of Texas, Corpus Christi.

June 14, 1984.

Rehearing Denied Aug. 31, 1984.

Darrell L. Barger, Hunt, Hermansen, McKibben & Barger, Corpus Christi, for appellant.

Baldemar Gutierrez, Alice, for appellee.

Before SEERDEN, YOUNG and UTTER, JJ.

## OPINION

SEERDEN, Justice.

This is a worker's compensation case. Appellant appeals from a judgment of total and permanent disability rendered as a result of a jury trial.

In his first five points of error, appellant contends that judgment should have been granted in its favor as a matter of a law because appellee failed to file notice of injury with the Industrial Accident Board of Texas as provided by Act of April 19, 1947, ch. 113, § 10, 1947 Tex.Gen.Laws 176, 180, amended by Act of June 19, 1983, ch. 498, § 1, 1983 Tex.Gen.Laws 1921.[1]

Appellee was injured in the course and scope of his employment with Constructors Company on September 4, 1980. Appellant, began furnishing medical treatment in the time and manner provided by law and began the payment of weekly compensation. It was stipulated that compensation in the sum of $3,591.00 in weekly indemnity benefits and medical expenses of $5,376.67 had been paid by appellant. The evidence showed that the initial payment of compensation in the amount of $133.00 was made by draft dated September 17, 1980. The Industrial Accident Board Form A–1, which was introduced in evidence shows among other things, the date of injury as September 4, 1980, the name and social security number of the claimant, the name of his employer, and the nature of the injury as being "head, back".

On February 24, 1981, within the six month period described in the statute appellee hired attorney John Burris to represent him in this worker's compensation claim. On that day, Mr. Burris wrote the following letter to the Industrial Accident Board as follows:

"February 25, 1981

Industrial Accident Board

4410 Dillon Lane

Corpus Christi, Texas 78400

RE: Juan S. Garza

Claim No. 19–80–04285

Date of Injury: 9/17/80

Gentlemen:

This letter is to advise you that I represent the above claimant in connection with his claim for compensation arising out of the injuries he received on the above date while working for Constructors Company, Box M, Premont, Texas. I understand that a form for notice of injury and claim for compensation has been previously filed. If my information is in error, please advise me immediately. I have this day also given notice of my representation to Texas Employers' Insurance Association.

Yours very truly,

BURRIS AND BURRIS

JOHN H. BURRIS

JHB/o"

Subsequently, appellee discharged Mr. Burris, and on April 26, 1982, hired Baldemar Gutierrez to handle this claim. On that day a formal claim, on the form provided by the Industrial Accident Board, was sent to the Industrial Accident Board, and it was stipulated that it was received within two or three days from April 26, 1982. The claim filed on April 26, 1982, gave appellee's and his employer's name the same as the letter of February 25, 1980. It showed the date of the injury as being September 4, 1980. It described the accident and injury in these terms:

"I injured my chest, my back, arms, legs and other area of my body when I fell into a large pit. Several huge pieces of iron beams and heavy board."

Appellant takes the position that a claim for compensation, within the meaning of former Article 8307 § 4a, was not filed until the formal Industrial Accident Board form was filed in April, 1982. We cannot agree with this contention.

The pertinent provisions of former Article 8307 § 4a, provide that a claim under the worker's compensation laws cannot be

1. TEX.REV.CIV.STAT.ANN. art. 8307 § 4a (Vernon 1967) was amended effective August 29, 1983, extending the time for filing a motion or claim from six months to one year. We are referring to the statute prior to amendment.

made "unless a claim for compensation with respect to such injury shall have been made within six months after the occurrence of the injury ..."

■ While the legislature has authorized the Industrial Accident Board to promulgate rules and forms for the orderly administration of its affairs, the statutes have not provided the manner or form for making a claim. *Johnson v. American General Insurance Company*, 464 S.W.2d 83 (Tex.1971).

In *Prince v. Texas Employers' Insurance Association*, 466 S.W.2d 642 (Tex.Civ. App.—Eastland 1971, writ ref'd n.r.e.), the claimant was injured on June 23, 1967 and within the six months period, wrote a letter to the Board where he "turn a claim on myself in August with the Eastern Lime Stone Company in at Lueders, Texas." Some nine months later, obviously after the six month period expired, an amended claim setting out further details was filed. The court concluded that so long as a claim was filed in due season, it could be amended any time before the Board finally disposed of it.

■ We hold that the letter written by attorney Burris on February 25, 1981, to the Industrial Accident Board was sufficient to satisfy the statutory requirement of making a claim within six months after the occurrence of the injury and that the form filed by appellee on or about April 26, 1982, constitutes a proper amendment or addenda to the original claim sufficient to give the insurance company notice of the matters in contention both before the Board and before the Court.

Having held that the letter of February 25, 1981, constituted a filing of a notice of injury, the questions presented in appellant's points of error six through ten concerning the question of diligence in the prosecution of the claim become moot and no further discussion of such points is necessary.

In his eleventh point of error, appellant complains of the trial court's decision to allow Dr. W.E. Foster to testify as an expert witness on behalf of the injured worker. The complaint is based upon appellee's failure to comply with Tex.R.Civ.P. 168(7)(a)(3) (Vernon Supp.1984) (Deleted 1983)[2] as it existed at the time of the trial. This requires a party to give the opposite party certain listed information in response to an appropriate interrogatory when he expects to call an expert witness whose name has not previously been disclosed. The rule requires that the disclosure shall be made:

"... as soon as practical, but in no event less than 14 days prior to the beginning of trial except on leave of court. If such amendment is not timely made, the testimony of the witness shall not be admitted in evidence unless the trial court finds that good cause sufficient to require its admission exists."

Appellant filed his interrogatories on October 8, 1982. In interrogatory number 17 he requested:

"State the name, address, profession and occupation of each and every expert whom you will or reasonably anticipate my call to testify in this case as an expert witness."

On November 8, 1982, appellee responded to such interrogatories and listed the names, addresses and professions of four persons in response to the above interrogatory, none of whom was Dr. Foster. On Friday, September 23, 1983, the deposition of Dr. George Barnes, one of the persons appellee had listed as an expert he might call as a witness, was taken.

Thereafter, less than one week later, on Thursday, September 29, 1983, appellee filed supplemental answers to the interrogatories previously propounded to him and listed Dr. Foster as an additional expert pursuant to interrogatory number 17. The trial began the next Monday, October 3, 1983.

---

**2.** Section 7 of Rule 168 was deleted and the sanctions imposable for violating the duty to

supplement are in new Rule 215(4).

Prior to the jury selection, counsel for both parties and the court had a discussion concerning Dr. Foster's status. Appellee stated he expected to call Dr. Foster as a witness. Appellant stated that if appellee tried to call Dr. Foster he would object. Counsel for appellant, as part of the exchange of conversation stated, "I'm not going to stop to take a doctor's deposition during trial, that's just not proper. You're (appellee) supposed to give me 14 days' notice." The court replied, "I'm not going to stop and let you". The next day, the court again took up the matter of Dr. Foster being called as a witness, and after hearing argument from counsel on both sides, both as to the sequence of events leading up to appellee's selection of Dr. Foster the week before the trial and the nature of the testimony intended to be elicited, the court permitted him to testify.

 We believe the trial court had the discretion to permit Dr. Foster to testify in this case. While the 1981 amendment to Tex.R.Civ.P. 168 specifically provided for certain sanctions if the rule is not complied with, the trial court is still vested with some discretion. It has even been held that, under proper circumstances, exclusion of an unnamed witness's testimony is not required, even if the party calling the witness has not advised opposing counsel or amended his answers to the interrogatories at the time of trial. *See National Surety Corp. v. Rushing*, 628 S.W.2d 90 (Tex.App. —Beaumont 1981, no writ) where counsel for appellant was not advised of the intention of the adverse party calling a certain expert until he heard it during the voir dire examination of the jury panel. In the case at bar, counsel for appellant was notified on the Thursday before the beginning of the trial of the possibility of appellee using Dr. Foster.

We cannot agree with counsel for appellant that he was "ambushed" by the calling of Dr. Foster. It appears from the record that appellee's counsel advised the attorney for appellant of the new development as soon as he reasonably could. In fact, the record reflects that when he talked to appellant's attorney on Thursday, he had not made an appointment for the doctor to see appellee and was not certain that one could be arranged. There were a number of alternatives open to appellant. Those that come to mind are:

1. He could have attempted to take Dr. Foster's deposition. Admittedly, the time was short; however, if arrangements could not be made to take the deposition by agreement, appellant could have filed a motion under Tex. R.Civ.P. 186b, to shorten the time of notice and compel the appearances of the doctor.

2. He could have made arrangements for another doctor to examine appellee or requested medical examination under Tex.R.Civ.P. 167a. In this connection, it is noted that it was developed at the trial, during the cross-examination of Dr. Foster, that a Dr. Fernandez, who was the doctor that operated on appellee, was a surgeon in Kingsville, where the trial took place and had apparently written a report expressing an opinion which was contrary to Dr. Foster's opinion.

3. He could have filed a motion for continuance. In this connection, this case differs from those cited by appellant. In both *Texas Industries, Inc. v. Lucas*, 634 S.W.2d 748 (Tex. App.—Houston [14th Dist.] 1982, no writ) and *Texas Employers Insurance Association v. Meyer*, 620 S.W.2d 179 (Tex.App.—Waco 1981, no writ), there was no notice or indication that the expert would be called until well in to the trial. In these cases, the offended party justifiably called "ambush".

4. He could elect to do none of the above, and rely upon the numerous other defensive theories available in this case and his ability to cross-examine the doctor adequately. In this connection, he may have been influenced by the type of testimony which was to be elicited from Dr. Foster. At the hearing before the trial judge

when the determination was made to permit him to testify, it was announced that Dr. Foster's only testimony would be that he had seen appellee recently, he did pre-employment physical examinations on a regular basis, he would not pass appellee for a pre-employment physical and his knowledge of the availability of light duty work in the local labor market.

Appellant further contends that if the notice of intention to call the expert witness is not given at least 14 days prior to trial, the testimony of the witness is not to be admitted unless the trial court finds that good cause sufficient to *require* its admission exists. A careful reading of the entire subsection (a)(3) of Section 7 (Rule 168), leads us to a different conclusion. If the trial court grants leave for the party to supplement his answers to the interrogatory less than 14 days prior to the beginning of the trial, as the rule gives him authority to do, then the court is not bound to find good cause to require the admission of the testimony. In other words, if the answer is permitted to be filed by the trial court, it is considered "timely". We believe the language in the rule directing that the evidence not be admitted was meant to cover situations such as the *Lucas* and *Meyer* cases, where there was no pre-trial notice of the existence of the prospective expert witness. We hold that by allowing Dr. Foster to testify, the trial court, in effect, approved the granting of leave to file the amended answer to the interrogatory, which had been filed on September 29, 1983.

Finding no error, we affirm the judgment of the trial court.