TEXAS EMPLOYERS' INSURANCE
ASSOCIATION, Petitioner,

v.

Juan S. GARZA, Respondent.

No. C–3458.

Supreme Court of Texas.

Jan. 16, 1985.

Rehearings Denied April 17, and
June 26, 1985.

Hunt, Hermansen, McKibben & Barger, Darrell L. Barger, Corpus Christi, for petitioner.

Baldemar Gutierrez, Alice, for respondent.

ON APPLICATION FOR WRIT
OF ERROR

PER CURIAM.

Texas Employers' Insurance Association (TEIA) appealed from an adverse judgment in favor of Juan S. Garza in a worker's compensation case. TEIA complained that a letter written by an attorney to the Industrial Accident Board advising of his representation of Garza for an on-job injury did not satisfy the six months notice of injury requirement of the Worker's Compensation Act. TEIA likewise complained of an abuse of discretion by the trial judge in allowing expert testimony from a witness whose identity was made known to TEIA less than fourteen days prior to the beginning of trial, in spite of TEIA's timely interrogatories requesting the identity of all expert witnesses. The court of appeals rejected both arguments and affirmed the judgment of the trial court. 675 S.W.2d 245. TEIA raises the same points before us. We refuse its application for writ of error, no reversible error.

This case was tried under the 1981 version of TEX.R.CIV.P. 168. That rule provided that if an interrogatory requested the identity and subject matter of testimony of an expert witness, such information would be provided not less than fourteen days prior to the beginning of trial, except on leave of court, and that if the information were not provided, the testimony of the witness would not be allowed unless the trial court found that good cause sufficient to require its admission existed.

We refuse the application for writ of error, no reversible error; but, we disapprove the language of the court of appeals which stated:

If the trial court grants leave for the party to supplement his answers to the interrogatories less than 14 days prior to the beginning of the trial, as the rule gives him authority to do, then the court is not bound to find good cause to require the admission of the testimony.... We believe the language in the rule directing that the evidence not be admitted

was meant to cover situations ... where there was no pre-trial notice of the existence of the prospective expert witnesses. 675 S.W.2d at 250.