**TRADERS & GENERAL INS. CO. v. HERNDON.**

No. 3390.

Court of Civil Appeals of Texas. El Paso.

May 20, 1936.

Rehearing Denied June 18, 1936.

Nelson Scurlock and Lightfoot & Robertson, all of Fort Worth, and Hudson & Hudson, of Pecos, for appellant.

White & Yarborough, of Dallas, and J. Lee Bilberry, of Palestine, for appellee.

HIGGINS, Justice.

This is a workmen's compensation case. On August 9, 1933, Herndon was seriously injured in the course of his employment by having his right forearm caught in the cog gears of drilling machinery. On August 23, 1933, he filed claim for compensation with the Industrial Accident Board, describing his injuries as "right wrist fractured in compound way together with right thumb fractured on same hand."

Compensation was paid until January 10, 1935, when further payment was refused by appellant, the insurance carrier.

January 18, 1935, Herndon filed another claim describing his injuries as "crushed and fractured hand, arm and shoulder and back, injury to all nerves, muscles, ligaments and blood vessels, etc., etc., totally and permanently disabling me."

Upon findings supporting same, judgment was rendered awarding lump sum settlement as for total permanent incapacity, less the amount theretofore paid.

■ Error is assigned to the refusal of an issue inquiring whether the plaintiff's disability is the common and recognized result accompanying and following an injury such as that sustained by plaintiff to his forearm. There was no evidence to warrant the submission of such issue. It was the plaintiff's theory that his disability was not confined to his arm, and this phase of the case was fully submitted in other issues given.

■■ Error is also assigned to the overruling of a request for the submission of an issue as to whether plaintiff's total incapacity was temporary. No evidence is referred to by appellant to warrant the submission of such issue, and it is not incumbent upon this court to search a 305-page statement of facts to ascertain if such issue was raised by the evidence. Furthermore, this matter was sufficiently covered by the unconditional submission of the eighth issue, which reads: "How long do you find from a preponderance of the evidence that the total incapacity, if any of the plaintiff, Jack Herndon, continued or will continue from the date said injuries, if any, were sustained on or about August 9, 1933? Answer, if any"—and which was answered "Permanent."

■ Appellant's third proposition reads: "Where the only claim for compensation filed within the statutory period was for specific injury to the forearm, plaintiff can not exhibit to trial court claim for general injuries filed more than six months after injury as a basis for allegations of general injuries in plaintiff's petition unless good cause for not filing claim within the statutory period is alleged and proven."

In support of such proposition appellant refers to Hartford A. & I. Co. v. Choate (Tex.Com.App.) 89 S.W.(2d) 205. That case is not in point. The claim in that case filed with the board expressly limited the board to consideration of the specific injury of the loss of the left eye. No such limitation was imposed in the present case. The original claim in the present case filed with the board fourteen days after the injury was amendable and a sufficient basis for the enlarged claim later filed on January 18, 1935. It was not necessary to plead or prove good cause for the delay in filing the amended claim. We doubt if it was at all necessary to file the same.

The rulings upon evidence complained of in the fourth and fifth propositions present no error in the state of the record relating to such rulings.

■ Issue 9 reads: "Do you find from a preponderance of the evidence that the plaintiff sustained partial incapacity by reason of said injuries, if any, received by him on or about August 9, 1933. Answer 'Yes' or 'No.'" This was answered: "No."

Issue 27 reads: "Do you find from a preponderance of the evidence that plaintiff has not sustained partial incapacity by reason of such injuries, if any, of date August 9, 1933, you will answer this issue by 'He has not sustained partial incapacity' or 'He has sustained partial incapacity' as you find the facts to be." This was an-

542

swered: "He has not sustained partial incapacity."

Defendant objected to issue 9 upon the ground that partial incapacity is a defense to the plaintiff's claim of total incapacity [Indemnity Ins. Co. v. Boland (Tex.Civ. App.) 31 S.W.(2d) 518], and issue No. 9 improperly placed upon defendant the burden of proving such defense.

The plaintiff had the right to have submitted as a part of his case the issue of partial incapacity so as to invoke a finding upon such issue in the event of an adverse finding upon the issue of total incapacity. The burden of proof as to such issue was upon the plaintiff. Issue 9 was therefore properly drawn so as to impose such burden upon him. In so far as concerns the defensive phase of the issue, the burden was also upon plaintiff to show he had not sustained partial incapacity as the result of his injuries. This defensive issue was submitted and the burden of proof properly imposed in the twenty-seventh issue. The objection urged by appellant is overruled.

Affirmed.