HOUSTON LIGHTING & POWER COMPANY, Appellant,

v.

Lucy T. ADAMS et vir, Appellees.

No. 3502.

Court of Civil Appeals of Texas.

Waco.

Sept. 18, 1958.

Rehearing Denied Oct. 16, 1958.

opinion of this court in Tex.Civ.App., 309 S.W.2d 537. Our Supreme Court, after disposing of the question of remittitur, the ground on which this court reversed the action of the trial court, made the following statement: "Respondent presented the point in the Court of Civil Appeals that the judgment was excessive even after remittur was filed. That Court in its opinion stated that the award of the jury less the remittitur still leaves the verdict excessive but since that court reversed the trial court's judgment, it did not fix the amount of the excessiveness. The case will, therefore, be remanded to the Court of Civil Appeals in order for that court to pass upon the question of excessiveness, and, if deemed proper, to suggest further remittitur."

Appellant, in its brief, says: "It is the purpose of this brief to present only the position of appellant on the question of excessiveness." In keeping with the foregoing statement, appellant raises two points. They are: (1) "Remittitur is not mandatory; it is the prerogative of the Court of Civil Appeals to remand for a new trial where the record demonstrates the case has not been determined upon its merits; the record here so demonstrates and a new trial should be ordered." (2) "All of the findings on damages were grossly excessive and, in the alternative, if a further remittitur is ordered, it should be of not less than $27,461.50."

Under the foregoing record, it is our duty to re-examine the testimony tendered in this case in order to determine whether or not the jury's verdict is excessive. This we have done. The pertinent testimony as to the value of the land before and after taking, tendered by all the parties, was set out in the former opinion of this court. It would serve no useful purpose to restate it. Other testimony was tendered concerning the other damages suffered by the appellees by virtue of the construction, maintenance and operation of the substation on appellees' property, but we are of the view that a detailed recitation of

Baker, Botts, Andrews & Shepherd, Houston, Peareson, Scherer & Roberts, Richmond, for appellant.

Liddell, Austin, Dawson & Huggins, Houston, J. E. Junker, Rosenberg, for appellee.

TIREY, Justice.

This cause is here on a remand by our Supreme Court with instructions. See Tex., 314 S.W.2d 826. The nature and result of this case is fully stated in the opinion of our Supreme Court and in the

the other items of damage suffered by appellees, nor a discussion thereof, would have any precedential value.

■ The jury's answers to Special Issues Nos. 1 and 2 are not excessive; nor are the jury's answers to Special Issues Nos. 3 and 4 excessive. It is true that much of the testimony by all the parties as to the value was more or less opinion testimony, and it is also true that opinion testimony does not establish any material fact as a matter of law. See Hood v. Texas Indemnity Ins. Co., 146 Tex. 522, 209 S.W.2d 345, points 1–3. There is no doubt that the testimony tendered by all the parties was competent, and it was the duty of the jury to consider the testimony and make such appraisal of it as they saw fit to do. This the jury did. Moreover, "It was the jury's province to weigh all the evidence, to decide what credence should be given to the whole, or to any part of the testimony of each witness. The jury were the judges not only of the facts proved, but of the inferences to be drawn therefrom, provided such inferences were not unreasonable." See Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194, point 6, at page 199. The foregoing statement is peculiarly applicable to the jury verdict here. That brings us to a discussion of the jury's answers to Issues 5 and 6. The jury, in answer to Special Issue No. 5, found that the market value of the remaining 34 acres, exclusive of the portion of the easement condemned, immediately before condemnation, to be $119,000, and found that the market value of the remainder of the 34 acre tract immediately after the taking of the easement to be $25,500.

■ The testimony on these values was given by three witnesses. The witness Roane testified to the effect that the before value was $153,000; that the after value was $102,000, making the damages thereto $51,000. The witness Driscoll said the before value was $170,000 and the after

value was $136,000, leaving the damages of $34,000. The witness Hornsey said that the before value was $85,000 and the after value $82,600, leaving the damages at $2,400. The witness Wessendorf stated the before value to be $68,000 and the after value to be $63,800, leaving the damages of $4,200. The landowners' pleading was to the effect that the before value was $150,552, the after value $100,368, leaving the alleged damages to the tract $50,184. The jury's verdict was to the effect that the before value to the 34 acre tract was $119,000, and under the foregoing testimony it is obvious that the testimony is sufficient to support the jury finding in this behalf. The jury found that the after value of such 34 acre tract was $25,500, resulting in a damage of $93,500 to the remaining 34 acre tract. It is obvious that under the testimony tendered, this finding as to damages is excessive.

Appellant, in its brief discussing the foregoing situation, says in part substantially: From the foregoing, it is apparent that the vital findings of the jury were completely at variance with the testimony. In large measure, the end result of this case depends upon the jury's determination of the after value of the remainder of the property. The jury found $25,500 as the after value to the 34 acre tract, despite the fact that the lowest estimate of after value given by any witness was the sum of $63,800. Accordingly the jury's verdict required an award of $93,500 as damages to the remainder of the 34 acre tract, whereas under the testimony, the highest estimate of damage given by any witness to such tract was only $51,000. These findings are so completely at variance with the evidence there can be no question but that the case has not been decided upon its merits. The proper remedy, therefore, is to order a new trial. Since under the Supreme Court's ruling it is not proper to consider the evidence given on the motion for new trial, it must be now accepted that the reason for the great

variance between the verdict and the evidence is unexplained in the record. It can only be assumed the variance resulted from passion, prejudice or some other improper factor. The Supreme Court has specifically held it is not necessary that there be direct proof of the nature of the improper factor. Citing Dallas Ry. & Terminal Co. v. Farnsworth, 148 Tex. 584, 227 S.W.2d 1017. This court's answer to the foregoing contention is the opinion of our Supreme Court in this cause, which is binding upon us. As we understand the opinion of the Supreme Court it holds that since the jury's answer to Special Issue No. 6 arose from a misunderstanding of the court's charge, that it was the duty of the trial court to render judgment on the verdict and then cure such error by ordering a remittitur to be filed. The Supreme Court then said: "The trial court required a remittitur of $68,000, and, subtracting that amount from $93,500, rendered judgment for $25,500 as damages to the 34 acre tract. We have concluded that by so doing the court did not err." This court recognizes that the action of the trial court in so doing, in effect substituted the sum of $68,000 for the jury's finding of after value of $25,500, and likewise in effect substituted the sum of $25,500 in lieu of the award of $93,500 as damages to the 34 acre tract. But since the Supreme Court said this action was correct, it is binding on us.

It is true that in our former opinion we said: "Under all the testimony, the greatest difference in value before and after condemnation was the sum of $51,000" and further said: "In the light of the foregoing undisputed circumstances, the award of the jury, less the remittitur, still leaves the verdict excessive." We are of the view, now, after a further review of the testimony, that the foregoing statement in our former opinion was erroneous. The Supreme Court has held that the trial court had the authority to require a remittitur of $68,000, and by subtracting such sum from the $93,500, to render judgment for $25,500 as damages to the 34 acre tract. We are of the view that the evidence is sufficient to sustain such sum as damages to the 34 acre tract, and that such sum is not excessive. Since we are of the further view that the answers of the jury to the other issues are not excessive, we must, under the holding of the Supreme Court, overrule each of appellant's contentions and affirm this cause.

Accordingly, the cause is affirmed.

HALE, J., took no part in the consideration and disposition of this case.