Lynn **MALLOW** et al., Appellants,

v.

The **STATE** of Texas ex rel. **CITY OF DENTON**, Texas, Appellees.

No. 16311.

Court of Civil Appeals of Texas.

Fort Worth.

April 13, 1962.

Rehearing Denied May 11, 1962.

See also 356 S.W.2d 707.

Shirley W. Peters, Denton, for appellants.

John Lawhon, County Atty. of Denton County, Lee E. Holt, Coleman & Whitten, and Earl L. Coleman, Denton, for appellees.

MASSEY, Chief Justice.

A material question to be resolved, essential to the determination of the propriety of summary judgment in this case, was whether or not the superficial area of the Town of Mayhill, purportedly lawfully incorporated under authority of Vernon's Ann.Tex.St. Title 28, "Cities, Towns and Villages", Art. 971, "Territorial boundaries", was in excess of more than two square miles, or 1,280 acres. It is not disputed that less than two thousand inhabitants were to be found in the town of Mayhill. If said superficial area was unquestionably established as more than two square miles (1,280 acres) the purported incorporation proceedings did not in fact result in its presumptive valid and legal incorporation, and relator's summary judgment was proper. On the other hand, if said fact was not so established the summary judgment was improper.

■ We have concluded that the evidence before the Court upon the hearing of the relator's motion for summary judgment failed to establish the absence of a genuine issue of fact within the requirements of Texas Rules Civil Procedure 166–A, and that the summary judgment was erroneously granted.

Relator's evidence upon the matter of quantity of acreage within the boundaries of the purportedly incorporated Town of Mayhill is found in the affidavit of one C. F. Ballard, a professional engineer and surveyor, whose qualifications made of him an expert witness. It is clear from his affidavit that he made few if any measurements on the ground, but that he "plotted the said field notes on an ownership map of the said area * * * using aerial photographs of the area described and ground control points actually measured by me for accuracy checks. After completing the plotting of the field notes on the aforesaid ownership map, which I know of my own personal knowledge to be accurate, I computed the superficial area enclosed within the boundaries of the Town of Mayhill,

Texas, * * *. In making this computation, I used an instrument called a planimeter which is used by engineers and surveyors to calculate the areas shown on maps. I determined from such calculation that the boundaries of the Town of Mayhill, Texas, * * * include a superficial area of 1,810.43 acres or 2.829 square miles. I personally performed the aforesaid examination, mapping and calculating as carefully and as accurately as I know how from my thirty-five years of professional experience. Based upon my thirty-five years of engineering and surveying experience and the examination and plotting of the field notes, as aforesaid, it is my professional opinion that this is an accurate determination of the superficial area enclosed within the boundaries of the Town of Mayhill, Texas, * * *."

■ Here the expert's knowledge has in the main been obtained from the statements, reports, maps or instruments made by third persons. Therefrom he makes the calculations upon which his testimony as to quantity is given, whether considered as factual or opinion evidence. In other words, his testimony is necessarily predicated upon evidence which is hearsay as to him, and to the case on hearing. As such it is inadmissible. Texas Law of Evidence, McCormick and Ray, Second Edition, sec. 1404, "Opinions Based on Statements and Reports of Other Persons".

■ The affidavit of C. F. Ballard, should such be treated as properly received and considered, would not foreclose the existence of a fact issue on the matter of land quantity for another reason. Opinion evidence of experts is not conclusive. See McDonald, Texas Civil Practice, sec. 17.- 26.5 in Cumulative Supplement, "Summary Judgment, (IV) Determination of Motion on Matters Outside Pleading". Where there has been addmitted evidence consisting of maps, plats, photographs, etc., plus additional testimony as to the correctness thereof, the weight of such evidence and testimony may not be accorded conclusive

effect, as a matter of law, but becomes merely an issue for the jury or other fact finding agency.

 On summary judgment proceedings, an expression of opinion as to quantity, just as in an instance of expression of opinion as to value, does not have such conclusive force as to support entry of summary judgment. The credibility and weight to be given such character of evidence, which has the fundamental character of opinion testimony, is only proper to be determined after a trial in the regular manner. Sartor v. Arkansas Natural Gas Corporation, 1943, 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967.

Furthermore, the affidavit of C. F. Ballard was countered by affidavit of G. W. Woodford, in which this witness stated: " * * * I am well familiar with the area embraced within the field notes (delineating the boundaries of the Town of Mayhill) * * * and know each and every tract of land embraced by such field notes; that I know of my own knowledge the acreage contained in each of said tracts * * *. That I have computed the superficial acreage embraced by the field notes described * * * by adding the acreage contained in each of the tracts embraced within such field notes; that I determined from such calculation that the area embraced within such field notes has a superficial area of 1,267.5 acres * * *."

Relator says that the trial court disregarded the affidavit of G. W. Woodford (although such is not substantiated by the record), and argues that the circumstances are such that the affidavit is necessarily based upon conclusions either of law or fact and therefore constitutes inadmissible evidence. However, doubtful as the facts stated in the affidavit may be, and however likely to destruction or impairment as to its weight upon cross-examination (as in an ordinary trial), the affiant nevertheless stated that he had personal knowledge of the acreage in each tract of land embraced within the boundaries of the Town of May-

hill, and that collectively the total acreage therein was 1,267.5 acres, or less than two square miles. Independently considered, the affidavit must be held to have raised the issue of fact as to the quantity of land within the corporate limits of the Town of Mayhill, even were we obliged (as is not the case) to assume that but for his testimony any factual issue thereupon would be foreclosed.

The entire record has been reviewed in light of the other points of error presented. There does not exist any circumstance upon which we could properly affirm the judgment despite the erroneous conclusion that there was an absence of any fact issue to be resolved.

Judgment is reversed. The cause is remanded to the trial court for a trial on the merits.

BOYD, J., not participating.