Lynn MALLOW et al., Appellants,

v.

CITY OF DENTON, Texas, et al., Appellees.

No. 16316.

Court of Civil Appeals of Texas.

Fort Worth.

April 13, 1962.

Rehearing Denied May 11, 1962.

Shirley W. Peters, Denton, for appellants.

Lee E. Holt, Coleman & Whitten, and Earl L. Coleman, Denton, for appellees.

MASSEY, Chief Justice.

This is a companion case to Cause No. 16311, styled Lynn Mallow et al. v. State of Texas ex rel. City of Denton, Texas, 356 S.W.2d 705 which we have decided this same date.

The instant case, however, involves a cross-action filed by Lynn Mallow et al. against the City of Denton and impleaded cross-defendants, namely, W. D. Buttrill, City Secretary, the Mayor and other Council members of said Home Rule city. The case does not involve the State of Texas (relator in the quo warranto case reported under No. 16311), and in our opinion is a case in which it is not necessary that the State be a party. By the cross-action it was sought to obtain the declaration of the court in a judgment that action already taken, and action threatened, by the City of Denton, attempting to annex the cross-plaintiffs' real properties (all of which were located within the corporate limits and boundaries of the purported Town of Mayhill), was, and would be, without legal effect and vitality and therefore absolutely void. The pleadings of cross-plaintiffs were broad enough to encompass a prayer for injunctive relief. The trial court on its own motion entered an order severing this suit from the case as considered by us under No. 16311. Said order of severance was entered following the hearing of the motion for summary judgment. It is to be noticed that the motion for summary judgment was identical under both cases. The effect of the entry of the order of severance made requisite the entry of two separate judgments, one of which related to the plea for affirmative relief in the quo warranto proceeding by the State of Texas, on relation of the City of Denton, and the other to the cross-plaintiffs' plea for affirmative relief.

We have for consideration in the instant case the propriety of the summary judgment denying the cross-plaintiffs, Lynn Mallow et al., any right to the declaratory and injunctive relief prayed for in cross-petition. In our opinion upon the proceeding in quo warranto (under No. 16311) we have held that there existed a fact issue precluding propriety of summary judgment. That same matter is important to be considered in relation to the instant case. The City had by preliminary ordinance, or "first reading", initiated annexation procedure, thus asserting authority over the land purportedly in the Town of Mayhill. State ex rel. Winn v. City of San Antonio, 1953 (Tex.Civ.App., San Antonio), 259 S.W.2d 248, writ ref., n. r. e. Cross-plaintiffs, Lynn Mallow et al., were seeking to prevent the enactment of any further ordinance by the City of Denton, Texas, pursuant to annexation of their land, and to annul any effect (as to said land) of the ordinance already passed. Their position would be identical to that of an owner whose property was sought to be annexed by an existing incorporated municipality, which annexation the

property owner felt was in violation of law or without legal sanction, and, if actually accomplished, would be prejudicial in that it would constitute a cloud upon his title and subject him to illegal taxation. In this case the legal impediment which cross-plaintiffs assert is the prior incorporation of the land as a part of the Town of Mayhill.

In view of Vernon's Ann.Tex.St., Title 28, "Cities, Towns and Villages", Art. 971, "Territorial boundaries", the presumptive propriety of the action heretofore taken in the purported incorporation of the Town of Mayhill depends upon whether or not said Town of Mayhill contained a superficial area in excess of more than two square miles, or 1,280 acres. If the superficial area was less than that quantity of land the incorporation was valid and the Town of Mayhill existed (as of date of the trial) as an incorporated town. As such, no real estate therein located would be subject to annexation by any other town or city and any such action of purported annexation would be absolutely void. Contrarily, if the superficial area was in excess of two square miles or 1,280 acres of land then the incorporation was invalid. If invalid, the purported incorporation of the Town of Mayhill could be avoided. It would be voidable rather than void. If avoided, the City of Denton would have authority to annex all or any part of the land which cross-plaintiffs believed comprised the Town of Mayhill, and the efficacy of the ordinance already enacted would be unimpaired.

Under the companion case to which we have heretofore referred we have held that there is an issue of material fact remaining to be tried, i. e., the issue of quantity of land constituting the superficial area of the purportedly incorporated Town of Mayhill. Determination of that same question of fact would be essential to the propriety of summary judgment in the instant case.

Judgment is reversed and the cause is remanded to the trial court for a trial on the merits.

BOYD, J., not participating.