Juana A. VILLAGOMEZ, Individually and as
Next Friend of Irene Villagomez and
Evangelina Villagomez, Appellant,

v.

AMERICAN MOTORISTS INSURANCE
COMPANY et al., Appellees.

No. 5703.

Court of Civil Appeals of Texas.

El Paso.

May 12, 1965.

Rehearing Denied June 9, 1965.

Guinn & Guinn, Ben A. Endlich, El Paso, for appellant.

Scott, Hulse, Marshall & Feuille, and Charles R. Jones, El Paso, for appellees.

PRESLAR, Justice.

This is a Workmen's Compensation case in which summary judgment was granted for the defendants. At issue is whether, as a matter of law, the claim was not timely filed, and whether, as a matter of law, death was not due to the injury which the workman suffered in the course of his employment. We are of the opinion that summary judgment should not have been granted.

Adolfo Villagomez suffered an injury on April 4, 1955 when he slipped and fell. He continued to work for two weeks at the request of his foreman, after which time he ceased working, saw a doctor, and was treated for injuries to his left hand. He filed claim for his injury with the Industrial Accident Board on July 11, 1955 and on the same day he suffered a "stroke", and he died on July 17, 1955. His attorney immediately notified the Board of his death and requested forms on which to make application for a death claim. The widow executed these forms for herself and on behalf of her two minor children in the office of her attorney on October 18, 1955, but they were not filed with the Industrial Accident Board until March 16, 1956, seven months and twenty-seven days after death came to Adolfo Villagomez.

This being a summary judgment case, it must be determined by the provisions of Rule 166–A, Texas Rules of Civil Procedure, and certain rules laid down by the courts as to proceedings thereunder.

The latest expression of our Supreme Court in that regard is the case of Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co., Tex., 391 S.W.2d 41 (April 24, 1965):

"* * * Rule 166–A, Texas Rules of Civil Procedure, provides that summary judgment shall be rendered if it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. Tigner v. First Nat'l Bank, 153 Tex. 69, 264 S.W.2d 85 (1954); Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1962). In other words, the evidence must be viewed in the light most favorable to the party opposing the motion. Valley Stockyards Co. v. Kinsel, 369 S.W.2d 19 (Tex.Sup.1963); Smith v. Bolin, 153 Tex. 486, 271 S.W.2d 93 (1954). If the motion involves the credibility of affiants or deponents, or the weight of the showings or a mere ground of inference, the motion should not be granted. All conflicts in the evidence are disregarded, and the evidence which tends to support the position of the party opposing the motion is accepted as true. Cowden v. Bell, 157 Tex. 44, 300 S.W.2d 286 (1957) * * *"

The rule provides that the motion may be supported by affidavits, depositions and admissions on file, but the affidavits must be based on personal knowledge. However, it is not the purpose of the summary judgment rule to provide either a trial by deposition or a trial by affidavits, but rather to provide a method of summarily terminating a case when it clearly appears that only a question of law is involved. Gaines v. Hamman, 163 Tex. 618, 358 S.W.2d 557.

The case before us has been pending too long, and there is much virtue in

the attempt to make disposition of it, but we are of the opinion that it was not the proper subject of a summary judgment proceeding. The contention of the movant that the death of the claimant was due solely to natural causes and had no connection with the injury received on the job is not established as a matter of law within the meaning of the summary judgment rule. There is evidence that the claimant received a blow to his head when he suffered his accident on the job, and his wife told of a bump on his head and his complaints of headaches. The depositions of the three doctors offer a preponderance of evidence that the blow to the head was not a contributing cause of death, but the opinions of these experts are not conclusive. By the very nature of their medical science, when applied to a cause of death of this type, an opinion was the strongest answer they could give. It was not possible to rule out the blow to the head with certainty as a factor in the cause of death. The opinions of experts are not the conclusive character of evidence required for summary judgment. Mallow v. City of Denton, Tex. Civ.App., 356 S.W.2d 705, ref., n. r. e., citing McDonald, Texas Civil Practice, sec. 17–26.5 Cumulative Supplement, "Summary judgment, (IV) Determination of Motion on Matters Outside Pleadings". The Mallow case involved a question on the quantity of acreage as to which experts had testified, and speaking of such evidence the court said:

"On summary judgment proceedings, an expression of opinion as to quantity, just as in an instance of expression of opinion as to value, does not have such conclusive force as to support entry of summary judgment. The credibility and weight to be given such character of evidence, which has the fundamental character of opinion testimony, is only proper to be determined after a trial in the regular manner. Sartor v. Arkansas Natural Gas Corporation, 1943, 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967."

The existence of a fact question as to a connection between the injury received and the subsequent death is not foreclosed by the evidence in the case before us.

On the question of the timely filing of the claim for death benefits with the Industrial Accident Board, we are of the opinion that the requirements of our Workmen's Compensation laws were met. We view the death claim as an amendment of the then pending claim before the Board, for it was based on the same alleged accident and was tendered before the Board made its determination as to such accident. The right existed to amend and claim greater or different injuries flowing from such accident at any time before the Board made its final award. There is no requirement that such amendment be made within any specified period of time, so long as it is made before the Board disposes of the claim. Such is the holding in Western Casualty Co. v. DeLeon, Tex.Civ.App., 148 S.W.2d 446, error dismissed, judgment correct. In Traders & General Ins. Co. v. Herndon, Tev.Civ.App., 95 S.W.2d 540, error dismissed, an employee filed claim describing injuries as fractures of writ and thumb, and some sixteen months later amended such claim alleging general injuries and total and permanent disability. This court held such amendment could be made without showing good cause for delay.

The judgment is reversed and the cause is remanded to the trial court for trial on the merits.