**AMERICAN MOTORISTS INSURANCE COMPANY et al., Petitioners,**

v.

**Juana A. VILLAGOMEZ, individually and as next friend of Irene Villagomez and Evangelina Villagomez, Respondents.**

**No. A–10904.**

Supreme Court of Texas.

Jan. 5, 1966.

Scott, Hulse, Marshall & Feuille, Charles R. Jones, El Paso, for petitioners.

Guinn & Guinn, Ben A. Endlich, El Paso, for respondents.

SMITH, Justice.

This is a Workmen's Compensation suit filed by the widow and dependent children of deceased workman, Adolfo Villagomez. In the trial court summary judgment was granted for petitioners based on a determination that, as a matter of law, the claim for death benefits was not timely filed as required by Article 8307, sec. 4a, Vernon's Annotated Civil Statutes. The Court of Civil Appeals reversed the judgment of the trial court and remanded the cause for trial on the merits. 391 S.W.2d 537. We reverse the judgment of the Court of Civil Appeals and affirm the judgment of the trial court.

On April 4, 1955, Adolfo Villagomez suffered an injury when he slipped and fell in the course of his employment. Allegedly

at the request of his foreman he continued working for two weeks, after which time he stopped working and sought treatment from a doctor. On July 11, 1955, he filed his claim for compensation with the Industrial Accident Board and on the same day suffered a stroke which resulted in his death on July 17, 1955. On July 18, 1955, his attorney wrote the board, notifying them of the death, and requested the proper forms necessary for filing a claim on behalf of the minor children of the deceased and his surviving wife. This letter was received by the board on July 19, 1955, and on July 28, 1955, the requested forms were mailed. These forms were executed by Mrs. Villagomez for herself and on behalf of the two minor children on October 18, 1955, but were not filed with the board until March 16, 1956, nearly eight months after the date of death.

Respondents do not contend that there was good cause for the late filing, but they do argue, and the Court of Civil Appeals so held, that they had the right to amend and claim greater or different injuries, including death, at any time before the board made its final award and that the claim for death benefits was merely an amendment to the pending claim for compensation filed by Adolfo Villagomez himself. The Court of Civil Appeals did not discuss respondents' alternative position that the letter of July 18, 1955, constituted a claim for death benefits because it gave notice of the death and of respondents' intention to seek an award of death benefits and, combined with the papers already on file by Adolfo Villagomez, provided all necessary information regarding the accident. Respondents contend the letter itself was substantial compliance with the statutory requirement that a claim be filed within six months of the date of death. We cannot agree with these contentions for the reasons now to be stated.

Article 8307, sec. 4a, Vernon's Annotated Civil Statutes, reads as follows:

"Unless the Association or subscriber have notice of the injury, no proceeding for compensation for injury under this law shall be maintained unless a notice of the injury shall have been given to the Association or subscriber within thirty (30) days after the happening of an injury or the first distinct manifestation of an occupational disease, and unless a claim for compensation with respect to such injury shall have been made within six (6) months after the occurrence of the injury or of the first distinct manifestation of an occupational disease; or, in case of death of the employee or in the event of his physical or mental incapacity, within six (6) months after death or the removal of such physical or mental incapacity. For good cause the Board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing of the claim before the Board."

The general meaning of this article is that in order to be eligible for compensation benefits, the employee must give notice of injury to his employer or the insurance carrier within thirty days and file his claim for compensation within six months of the date of injury. In the event of death, the claim must be filed within six months of the date of death. The cases cited by the Court of Civil Appeals in support of its holding, Western Casualty Co. v. DeLeon, 148 S.W.2d 446 (Tex.Civ.App.1941, dism. judgm. cor.) and Traders & General Ins. Co. v. Herndon, 95 S.W.2d 540 (Tex.Civ. App.1936, dism.), do recognize the right of an injured employee, once notice of injury and claim for compensation have been timely and properly filed, to amend his claim at any time before the board acts on his original claim, and it has been held that in a suit filed to set aside the award of the board, the claim, so long as it is a claim for general injuries, may be enlarged to include all injuries proximately resulting from the accident. Booth v. Texas Employers' Ins. Ass'n, 132 Tex. 237, 123 S.W.

2d 322 (1938); Hartford Accident & Indemnity Insurance Co. v. Choate, 126 Tex. 368, 89 S.W.2d 205 (1936). However, it is significant that these cases involved situations where an *injury* later increased or diminished in severity or scope but did not result in *death*. These cases do not support the proposition that the deceased's survivors may amend the claim for compensation so as to present a death claim after six months from the date of death.

It has long been settled in Texas that where death results from a compensable injury, a new cause of action for death benefits arises and vests in the legal beneficiaries of the decedent. This cause of action is separate and distinct from the cause of action for compensation belonging to the injured employee during his life and which will, upon his death, vest in his legal beneficiaries the right to claim all compensation payments which had accrued at the time of his death but had not been paid. As to this latter cause of action, the legal beneficiaries could be substituted for the deceased workman at any point in the proceedings before the board or a court so as to prosecute the claim which was pending there at the time of the workman's death. Swain v. Standard Accident Ins. Co., 130 Tex. 277, 109 S.W.2d 750 (1937); Texas Employers' Ins. Ass'n v. Phillips, 130 Tex. 182, 107 S.W.2d 991 (1937); Traders & General Ins. Co. v. Baldwin, 125 Tex. 577, 84 S.W.2d 439 (1935); Federal Surety Co. v. Pitts, 119 Tex. 330, 29 S.W.2d 1046 (1930); Garrett v. Texas Employers' Ins. Ass'n, 226 S.W.2d 663 (Tex. Civ.App.1949, wr. ref.); Texas Indemnity Ins. Co. v. Henson, 172 S.W.2d 113 (Tex. Civ.App.1943, wr. ref.); Maryland Casualty Co. v. Stevens, 55 S.W.2d 149 (Tex.Civ. App.1932, wr. ref.).

As was said in the Stevens case, supra, p. 151:

"The Workmen's Compensation Law, in no uncertain terms, creates a cause of action for compensation insurance in favor of the legal beneficiaries of a deceased employee for the death of the employee. That cause of action, for all practical purposes, is separate and distinct from the cause of action for compensation which the same statute just as certainly creates in favor of the injured employee. * * * These causes of action consist largely of common elements. They are each dependent upon the existence of the same accident, the same resulting injury, sustained in the course of employment. The only practical difference is that the employee's individual cause of action covers the full extent of the injury except his death, and the cause of action of the beneficiaries is for the death only. Notwithstanding the near approach to identity of these two causes of action, they are so distinct that *the employee can, by no act or deed, release or affect the cause of action belonging to the legal beneficiaries.*" [Emphasis added.]

This language was quoted with approval by this Court in the Baldwin case, supra, and the obvious intent is that no action can be taken by the employee during the period between the injury and the resulting death that would influence in any way, either positively or negatively, the rights of his beneficiaries to collect benefits by reason of his death. The conclusion is inescapable, and we so hold, that the timely filing of the claim for compensation by Adolfo Villagomez cannot extend the time for filing a claim for death benefits by his legal beneficiaries beyond the six months from the date of death required by the statute.

Respondents further contend that the letter received by the Industrial Accident Board on July 19, 1955, together with the other papers on file regarding the original injury itself, constitute sufficient notice of death and claim for death benefits to satisfy the statute. It is worthy of note that the original claim for compensation only reported a hand and arm injury, whereas

the death claim is based on an alleged head injury. Although the letter advised the board of the death of Adolfo Villagomez, it was not sufficient to constitute a claim in that it failed to relate the cause or circumstances of death and did not purport on its face to be a claim per se. The letter was merely a request for the proper forms and was insufficient to confer jurisdiction on the board. Booth v. Texas Employers' Ins. Ass'n, supra; Pruitte v. Ocean Accident & Guarantee Corp., 40 S.W.2d 254 (Tex.Civ. App.1931), reversed on other grounds, 58 S.W.2d 41 (Tex.Com.App.1933).

In view of our holding herein it is unnecessary to pass on petitioners' additional points of error. The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.