**Leslie D. BOND, Appellant,**

v.

**Joseph H. SNOW and Marco T. Eugenio, Appellees.**

**No. 4189.**

Court of Civil Appeals of Texas.

Eastland.

Dec. 15, 1967.

Rehearing Denied Jan. 12, 1968.

Leland D. Sutton, Abilene, for appellant.

McMahon, Smart, Sprain, Wilson & Camp, William H. Berry, Jr., Abilene, for appellees.

COLLINGS, Justice.

Leslie D. Bond brought suit against Dr. Joseph H. Snow and Dr. Marco T. Eugenio seeking damages for alleged medical malpractice. The defendants filed a motion for summary judgment and plaintiff filed an answer thereto. After a hearing, the defendants' motion was granted and summary judgment was rendered in their favor. Leslie D. Bond has appealed.

Appellees' motion for a summary judgment asserted that there was no issue of material fact and that they were entitled to judgment as a matter of law. Each of the appellees filed an affidavit and deposition setting forth appellant's condition and the treatment given and in support of his motion asserted that he had provided appellant with that character of care which a reasonably prudent medical doctor similarily situated would have provided under the same or similar circumstances. Appellees also filed in support of their motion an affidavit by Dr. Jim M. Hooks, an orthopedic surgeon, that he had read the depositions of appellees, had examined the hospital records of appellant, had familiarized himself with the care and treatment of appellant by appellees while in the hospital and afterward, and that in his opinion the post operative infection suffered by appellant was not due to any negligence or malpractice on the part of either of appellees and that the type of care and treatment afforded appellant was in keeping with the kind and character of treatment which a reasonable and prudent medical doctor similarly situated would have provided under same or similar circumstances.

Appellant Bond urges one point of error in which it is contended that the court erred in rendering a summary judgment against him because his pleadings stated a meritorious cause of action against appellees and appellees failed to meet their burden of proving there were no genuine issues as to any material fact in the case. The point is well taken.

On motion for summary judgment the burden of proof is on the movant, and all doubts as to the existence of a genuine issue of material fact are resolved against him. Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (Sup.Ct.1965). A defendant moving for summary judgment has the burden of proving that as a matter of law the plaintiff, under his pleadings has no cause of action against the defendant. Neigut v. McFadden, 257 S.W.2d 864 (Tex. Civ.App., 1953, ref. n. r. e.); Kelty v. Travelers Insurance Co., 391 S.W.2d 558 (Tex.Civ.App., 1965, ref. n. r. e.). The basis of appellant's cause of action against appellees, as stated in his pleadings, is that appellees were negligent in the detection, care and treatment of an infection or infections which he incurred subsequent to a surgical operation, known as a laminectomy, performed upon him by appellees.

Appellees sought to show that appellant had no cause of action against them by their opinion testimony and the opinion of another medical doctor that appellees were not negligent in their treatment and care of appellant, but, on the contrary, provided that character of care which a reasonably prudent doctor would have provided under the same or similar circumstances. This proof did not meet the burden required of a defendant moving for summary judgment. It is well settled that the opinion of experts, even when unanimous and without contradiction, is not conclusive but only raises a question of fact for determination by the finder of facts. Hood v. Texas Idemnity Ins. Co., 146 Tex. 522, 209 S.W.2d 345 (1948); Texas Life Ins. Co. v. Hatch, 167 S.W.2d 802 (Tex.Civ.App.1942, ref. W.M.); Texas Employers' Ins. Ass'n v. Humphrey, 140 S.W.2d 313 (Tex.Civ. App.1941, writ ref.); Guinn v. Coates, 67 S.W.2d 621 (Tex.Civ.App., 1934, no writ history); Huston Lighting and Power Company v. Adams, 316 S.W.2d 461 (Tex.Civ.

App., 1958, ref. n. r. e.). Opinion evidence is not of that conclusive character required for the rendition of a summary judgment. McDonald, Texas Civil Practice, Sec. 17, —26.5; Mallow v. City of Denton, 356 S.W. 2d 705 (Tex.Civ.App., 1962, ref n. r. e.); Villagomez v. American Motorists Insurance Company, 391 S.W.2d 537 (Tex.Civ. App., 1965) reversed on other grounds Supreme Court, 398 S.W.2d 742.

For the reasons stated the judgment is reversed and the cause is remanded.