**Dana E. PARR, Appellant,**

v.

**Eugene B. FORTSON, Appellee.**

**No. 17497.**

Court of Civil Appeals of Texas, Dallas.

July 10, 1970.

Dana E. Parr, pro se.

Hal Potts, Dallas, for appellee.

BATEMAN, Justice.

This appeal is from a summary judgment for attorneys' fees. The appellee Eugene B. Fortson, a practicing attorney, sued appellant in *quantum meruit* for a reasonable fee for legal services rendered to her, plus an additional fee under Vernon's Ann.Civ.St., Art. 2226, for his attorney. Appellee attached to his motion for summary judgment four affidavits: (1) his own in which he details the services rendered and expresses his opinion that his fee of $500 is reasonable; (2) the affidavit of Robert E. Davis, a practicing attorney, that he is familiar with the work done and that in his opinion the $500 fee is reasonable; (3) the affidavit of appellee's attorney, Hal Potts, detailing the services he had rendered in the prosecution of this suit and expressing the opinion that a reasonable fee for his services would exceed $350; and (4) the affidavit of another attorney expressing the opinion that $315 would be a reasonable fee for Potts' services. Appellant offered no evidence on the reasonableness *vel non* of either fee.

The trial court rendered summary judgment for appellee for the $500 fee sued for, plus an additional fee of $315 for his attorney's services.

We reverse that judgment because in our opinion the affidavits attached to the motion for summary judgment do no more than raise a fact issue as to the reasonableness of the two attorney's fees claimed.

The only Texas case cited by appellee as holding that such uncontroverted affidavits support a summary judgment for an attorney's fee is Leal v. Leal, 401 S.W.2d 293 (Tex.Civ.App., San Antonio 1966, no writ). That opinion expresses the view that the Supreme Court, in Himes v. American Home Fence Co., 379 S.W.2d 290 (Tex.1964), "recognized that a summary judgment may be granted for attorney's fees where the uncontradicted affidavit shows that affiant is qualified to express an opinion as to the reasonableness of the fee and sets forth the basis for such an opinion under the circumstances."

We have again carefully studied the opinion in *Himes* and are unable to place the same interpretation upon it. The *per curiam* opinion does level certain criticisms at the affidavit upon which the summary judgment for attorney's fee was based, and holds that it only raised a fact issue as to the reasonableness of the fee. Merely because the opinion does not specifically say that the affidavit, even without its obvious defects, would have been insufficient to support the summary judgment, we do not construe it as indicating that if the affidavit had not been so defective the Supreme Court would have held that it did establish the reasonableness of the fee as a matter of law. With all due deference and unlimited respect for the distinguished court which decided *Leal,* we are of the opinion that, based on its other decisions in similar situations, the Supreme Court would not so hold as to the affidavits involved in this case.

In Akin v. Akin, 417 S.W.2d 882 (Tex. Civ.App., Austin 1967, no writ), a suit by a former wife to recover delinquent child support payments and a reasonable attorney's fee, we find this terse statement:

> "The trial court erred, however, in rendering summary judgment for attorneys' fees based on affidavit of an attorney expressing his opinion of the value of the services rendered. Gulf Paving Co. v. Lofstedt, 144 Tex. 17, 188 S.W.2d 155."

Gulf Paving Co. v. Lofstedt, 144 Tex. 17, 188 S.W.2d 155, 160 (1945), was a suit on a paving assessment providing for a reasonable attorney's fee. Two practicing attorneys had testified that $500 would be a reasonable fee and there was no evidence to the contrary. The Court of Civil Appeals had held that the trial court did not err in refusing to submit the issue as to a reasonable attorney's fee because plaintiff proved without dispute, by disinterested witnesses, that $500 was a reasonble fee, that the jury had no reason to find otherwise, and that "to have done so would have been arbitrary." 185 S.W.2d 203, 209. The Commission of Appeals, however, in an adopted opinion by Judge Smedley, said:

"We cannot agree with the opinion expressed by the Court of Civil Appeals that any finding other than that $500.00 was a reasonable fee would have been arbitrary. The general rule is that it is the province of the jury to determine what is the reasonable value of an attorney's services, and that the jury may take into consideration the facts before them in relation to the services rendered, as well as the estimates of their value made by attorneys who testified."

In New Amsterdam Cas. Co. v. Texas Underwriters, Inc., 408 S.W.2d 733, 735 (Tex.Civ.App., Austin 1966, reversed and rendered 414 S.W.2d 914), the plaintiff, suing on a payment bond executed pursuant to Art. 5160, V.A.C.S., also sought a reasonable attorney's fee. One attorney testified that in his opinion a reasonable fee would be $41,200, and another that such a fee in his opinion would be $35,000, and the trial court, declining to give effect to either opinion, fixed the fee at $19,773.-62. In rendering summary judgment the trial court said that this was a reasonable fee as a matter of law. The Court of Civil Appeals disagreed, however, saying:

"What is a reasonable attorney fee is a question of fact to be determined by the trier of the facts, and expert opinion of witnesses is not conclusive."

The judgment of the Court of Civil Appeals, reversing and remanding with instructions, was reversed and rendered by the Supreme Court, 414 S.W.2d 914, on the ground that no attorney's fee whatever was recoverable in the suit.

In Winkler v. Cox, 243 S.W.2d 248, 250 (Tex.Civ.App., San Antonio 1951, no writ), a suit for a realtor's commission, there was undisputed opinion testimony as to what would be a reasonable attorney's fee, and the trial court instructed a verdict for the plaintiff including the attorney's fee. The Court of Civil Appeals held that even though the opinion testimony was uncontroverted it still only raised an issue of fact. Said the court:

"Even though several experts are unanimous in their opinions, a jury still has the prerogative to weigh the evidence and to agree or disagree with the experts. * * * Since the opinion testimony raised a fact issue for the jury, an instructed verdict should not have been granted."

Our courts have held many times, in cases involving matters other than attorney's fees, that opinion evidence of experts, even though uncontroverted, only raises a fact issue. Perhaps the most recent expression of our Supreme Court on the subject is in Gibbs v. General Motors Corporation, 450 S.W.2d 827, 829 (Tex.1970), a product liability case in which the trial court had rendered a summary judgment in favor of the defendant General Motors Corporation based upon an affidavit of an expert witness on automobile failures who had examined the alleged defective part and expressed the opinion that its failure was a result of general wear and improper lubrication and not of a defect in manufacture. This was affirmed by the Court of Civil Appeals but reversed by the Supreme Court which said that this affidavit "is nothing more than expert opinion testimony; and, as we pointed out in Broussard v. Moon, 431 S.W.2d 534, 537 (Tex.1968), opinion testimony of this character, ad-

duced in support of a motion for summary judgment, does not establish the fact as a matter of law in cases of this type."

Broussard v. Moon, 431 S.W.2d 534 (Tex.1968), was also a tort case wherein the court, speaking through Mr. Justice Steakley, said "that opinion testimony is but evidentiary and *is never binding upon the trier of facts*; * * *." (Italics ours.)

Practically the same language was used by Chief Justice Hickman, speaking for the court in Hood v. Texas Indemnity Ins. Co., 146 Tex. 522, 209 S.W.2d 345, 346 (1948), a workmen's compensation case, which was tried without a jury. The Court of Civil Appeals had held that there was no evidence to support the trial court's findings that the employee had suffered compensable disability, based solely upon the opinion testimony of a doctor, but Judge Hickman said: "Opinion testimony does not establish *any material fact* as a matter of law." (Italics ours.) This language was quoted with approval by the court, speaking through Mr. Justice Calvert, in Board of Firemen's Relief & Retirement F. Tr. of Houston v. Marks, 150 Tex. 433, 242 S.W. 2d 181, 185 (1951).

In Villagomez v. American Motorists Ins. Co., 391 S.W.2d 537, 539 (Tex.Civ. App., El Paso 1965, reversed on other grounds 398 S.W.2d 742), a workmen's compensation case, a summary judgment for the claimant was based on the depositions of three doctors to the effect that a blow to the claimant's head was not a contributing cause of his death. The Court of Civil Appeals reversed and remanded, saying:

"The opinions of experts are not the conclusive character of evidence required for summary judgment."

Mallow v. State ex rel. City of Denton, 356 S.W.2d 705, 707 (Tex.Civ.App., Fort Worth 1962, writ ref'd n. r. e.), was a case involving the validity of town incorporation proceedings in which it was important to determine whether the involved area was in excess of 1,280 acres. Summary judgment was rendered on the affidavit of a professional engineer and surveyor who expressed the opinion that the area was 1,810.43 acres. The judgment was reversed and remanded because this opinion of the expert was not conclusive, the court saying:

"On summary judgment proceedings, an expression of opinion as to quantity, just as in an instance of expression of opinion as to value, does not have such conclusive force as to support entry of summary judgment."

In Simmonds v. St. Louis, B. & M. Ry. Co., 127 Tex. 23, 91 S.W.2d 332 (1936), an essential issue was the value of a mule. The only testimony was that of the plaintiff who expressed the opinion that the mule was worth $190. The jury found the value to be only $97.50, but the trial court rendered judgment nevertheless for $190. The Court of Civil Appeals reversed and rendered for $97.50, which was approved by the Commission of Appeals in an adopted opinion holding that "it is settled by the authorities that the jury in determining facts is not bound by the opinions of witnesses," quoting with approval the following from Gulf, C. & S. F. R. Co. v. Davis, 225 S.W. 773, 775 (Tex.Civ.App., Austin 1920, no writ) :

"It is also settled law that where a fact is sought to be established by opinion evidence, not amounting to the certainty of positive proof, although not disputed by other evidence, the jury are free to give such weight to the same as in their judgment it may be entitled to."

The same principles are recognized by the federal courts. In Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 729, 88 L.Ed. 967 (1944), it was held that the opinion testimony of expert witnesses is not conclusive, quoting the following from the opinion of Mr. Justice Cardozo in Dayton Power & Light Co. v. Public Utilities Commission, 292 U.S. 290,

299, 54 S.Ct. 647, 652, 78 L.Ed. 1267 (1934):

"If they have any probative effect, it is that of expressions of opinion by men familiar with the gas business and its opportunities for profit. But plainly opinions thus offered, even if entitled to some weight, have no such conclusive force that there is error of law in refusing to follow them. This is true of opinion evidence generally, whether addressed to a jury, * * * or to a judge, * * * or to a statutory board."

In the light of these authorities we hold that the trial court erred in rendering summary judgment for the attorney's fee claimed by appellee and the fee for his attorney, because in our opinion appellee has not carried his burden of demonstrating that there was no genuine issue of material fact. The affidavits relied on by the trial court were sufficient only to raise, not determine, issues of fact.

The judgment appealed from is reversed and the cause remanded for trial.