Ricardo DELFIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 6501.

Court of Civil Appeals of Texas, El Paso.

Dec. 17, 1975.

Rehearing Denied Jan. 14, 1976.

Second Rehearing Denied Feb. 4, 1976.

Calamia & Mallin, Joseph A. Calamia, Charles M. Mallin, El Paso, for appellant.

George N. Rodriguez, Jr., Co. Atty., Jerry Tanzy, James H. Luckett, Asst. County Attys., El Paso, for appellee.

## OPINION

OSBORN, Justice.

### CASE SUMMARY

This case involves the question of whether there may be a waiver of a jury in a temporary commitment case of a proposed patient believed to be mentally ill, and who stands charged with a criminal offense. Having concluded that such right may not be waived, the judgment of the trial Court is reversed.

### FACTS

The Appellant was indicted by a Grand Jury for causing serious bodily injury to a child. A District Court jury determined that Appellant was incompetent to stand trial and that there was no substantial probability that he would attain the competency to stand trial within the foreseeable future. The District Court then ordered Appellant transferred to the El Paso County Court for civil commitment proceedings. Article 46.02, § 6(a), Tex.Code Crim.Proc. Ann. Proceedings were then instituted under the provisions of Article 5547–31 et seq., Tex.Rev.Civ.Stat.Ann. At the time of the hearing, Appellant was represented by his court appointed attorney ad litem and a court appointed guardian ad litem. They executed a Waiver of Trial by Jury. The State offered in evidence certain exhibits including the indictment and order of the District Court and physicians' certificates. Two psychiatrists testified as to the Appellant's mental condition and his need for further confinement and additional treatment. Following the hearing, the trial Court entered an order on October 30, 1975, finding Appellant to be mentally ill and committing him to the Rusk State Hospital for observation and treatment.

By a single point of error, it is contended that there may be no waiver of a jury in temporary commitment proceedings where the proposed patient stands charged with a criminal offense.

### ISSUE

In a hearing on an application for temporary hospitalization, may there be a waiver of a jury for a proposed patient believed to be mentally ill who is charged with a criminal offense?

### DECISION

■ Conclusion—There may be no waiver of a jury in a hearing on an application for temporary hospitalization where the proposed patient believed to be mentally ill is charged with a criminal offense.

The provision for temporary hospitalization of a person mentally ill, as first enacted, applied only where the person was not charged with a criminal offense. Article 5547–31, Tex.Rev.Civ.Stat.Ann. Article 5547–36(e) originally provided that "The hearing shall be before the court without a jury, unless a jury is demanded by a person authorized to make such demand or by the proposed patient or by the court." As enacted, the statute obviously permitted the court to make the determination as to whether to commit a proposed patient for observation and treatment, but a right to trial by jury was preserved, although not mandatory.

The Sixty-Fourth Legislature amended Article 5547–31 to permit the filing of an application for temporary hospitalization both in cases where the proposed patient *is not* charged with a criminal offense, and in cases where the proposed patient *is* charged with a criminal offense and has been transferred to the court for civil commitment pursuant to Section 6 of Article 46.02, Tex. Code Crim.Proc.Ann. At the same time, the Legislature amended Article 5547–36(e) by adding the following sentence:

> "Provided, however, the hearing must be before a jury in the case of a proposed patient who is charged with a criminal offense."

This added provision is consistent with the amendment added to Article 5547–45, with regard to an indefinite commitment, which provides: "There shall be no waiver of trial by jury in the case of a proposed patient who is charged with a criminal offense." When the Legislature provided that "the hearing [*must*] be before a jury", it used language of a mandatory effect. *Samuell v. American Mortgage Corporation*, 78 S.W.2d 1036 (Tex.Civ.App.—Dallas 1934), aff'd 130 Tex. 107, 108 S.W.2d 193 (Tex. 1937). In *Hodges v. Coke County*, 196 S.W.2d 935 (Tex.Civ.App.—Amarillo 1946, motions to certify overruled 197 S.W.2d 886), the Court said:

> "Volume 27 Words and Phrases, Permanent Edition, pages 884 et seq. and Vol. 39 pages 91 et seq., in discussing the usages in various jurisdictions of the words 'Must' and 'Shall,' says both words are usually mandatory when used generally in statutes and certainly so when the use of either word pertains to legal rights that ought to be exercised."

To hold otherwise here would be to give no effect whatsoever to the amendment to Article 5546–36(e). Prior to the amendment, a right to trial by jury existed but was not mandatory unless requested. If the amendment does not mean that a trial by jury is mandatory as to one charged with a crime, then the rule would remain the same as it was prior to the amendment, and a jury trial would still be permitted but not be mandatory.

■ Appellee suggests that since all the evidence offered at the hearing was to the effect that a necessity existed for the commitment, and no evidence was offered to the contrary, Appellee was entitled to an instructed verdict and therefore there is no reversible error in these proceedings since there was no issue for a jury to determine. See *Brown v. Seltzer*, 424 S.W.2d 671 (Tex. Civ.App.—Houston (1st Dist.) 1968, writ ref'd n. r. e.). While the rule relied on may be correct, " * * * opinion of experts, even when unanimous and without contradiction, is not conclusive but only raises a question of fact for determination by the finder of facts." *Bond v. Snow*, 422 S.W.2d 842 (Tex.Civ.App.—Eastland 1967), aff'd 438 S.W.2d 549 (Tex.1969). Thus, a fact issue did exist for a fact finder, which in this case was required to be a jury.

Thus, we reach the conclusion stated above. The judgment of the trial Court is reversed and the case is remanded for trial before a jury. The District Court order transferring Appellant to the County Court has not been appealed and it remains in effect.

## ON MOTION FOR REHEARING

■ The Appellant urges that because of the provisions in Article 5547–37, Tex.Rev.

Civ.Stat.Ann., which permit the court to make findings upon the basis of the Certificates of Medical Examination for Mental Illness, the requirement of a jury trial in Article 5547–36(e), Tex.Rev.Civ.Stat.Ann., is not mandatory unless requested, and is a right that can be waived. We cannot agree. Article 5547–37 now has application only where the proposed patient is not charged with a criminal offense.

■ Appellant also again urges that since this was a trial on the merits and not a summary judgment proceeding, the case of *Bond v. Snow*, 422 S.W.2d 842 (Tex.Civ. App.—Eastland 1967), aff'd 438 S.W.2d 549 (Tex.1969), is not applicable and that the harmless error rule should apply. We cannot agree. Opinion evidence is only evidential and is not binding upon the trier of facts. *Hood v. Texas Indemnity Ins. Co.*, 146 Tex. 522, 209 S.W.2d 345 (1948); *Board of Firemen's Relief & Retirement Fund Trustees of Houston v. Marks*, 150 Tex. 433, 242 S.W.2d 181 (1951); *Luttes v. State*, 159 Tex. 500, 324 S.W.2d 167 (1958).

The Appellant's motion for rehearing is overruled.