Ora Ester CLARK, Appellant,

v.

MEMORIAL HOSPITAL et al., Appellees.

No. 1005.

Court of Civil Appeals of Texas, Tyler.

April 28, 1977.

C. David Porter, George Chandler, Lufkin, for appellant.

Stephen R. Patterson, Nichols & Parker, Longview, for appellees.

DUNAGAN, Chief Justice.

This is a medical malpractice suit brought by Ora Clark (hereafter called appellant)

against the Memorial Hospital of Center, Texas, Dr. Vernon T. Polk, and Irene Sanders, L.V.N., seeking damages of $20,000 allegedly caused by the negligent administration of an injection in the upper left quadrant of appellant's buttock. The trial court granted two summary judgments—one in favor of Dr. Polk and the other in favor of Memorial Hospital and Nurse Sanders. Appellant appeals the summary judgment in favor of the Memorial Hospital and Nurse Sanders only.

Appellant alleged that appellee Sanders failed to possess and to exercise the degree of knowledge, care and skill ordinarily possessed and exercised by other nurses engaged in said profession in the same or similar locale as appellee Sanders, and alleged that Sanders was guilty of negligent acts that were the proximate cause of appellant's injury.

The alleged act of negligence by Sanders primarily was that she gave appellant an injection at a spot too close to the sciatic nerve. Appellant further alleged that Nurse Sanders was employed by Memorial Hospital when appellant was confined therein, and that the injection was administered in the course and scope of her employment.

The appellees on this appeal do not contend that Nurse Sanders at the time in question was not employed by Memorial Hospital or that the injection was not administered in the course and scope of her employment.

Appellant received the injection on August 11, 1974, while she was confined in the hospital. This particular injection allegedly resulted in immediate pain, causing her to twist violently in the bed, resulting in a ruptured disc and related back difficulties. The cause of her intense immediate pain was allegedly that appellee Sanders administered the injection at an improper spot due to its proximity to a major nerve in the buttock and upper leg region.

All defendants moved for summary judgment on the ground that appellant cannot recover, as a matter of law, for the reason that there is no genuine issue of material

fact as to either negligence or proximate cause, both essential elements of plaintiff-appellant's cause of action. Summary judgment was granted in favor of each defendant, but on this appeal, appellant complains only of the summary judgment entered in favor of defendants-appellees Memorial Hospital and Irene Sanders.

Appellant contends that the appellees have failed to prove, as a matter of law, that there is no genuine issue of fact concerning negligence and proximate cause.

Appellees contend, however, that the trial court correctly granted their motion for summary judgment because the testimony establishes that there is no genuine issue of material fact as to the essential element of proximate cause.

Appellees concede that the pleadings and deposition testimony on file herein are sufficient to raise a question of fact on the issue of negligence. Therefore, the only question involved on this appeal is whether or not the summary judgment proof offered by appellees was sufficient to negate an essential element of appellant's cause of action, proximate cause.

The purpose of a summary judgment is to eliminate patently unmeritorious claims or untenable defenses. *Swilley v. Hughes,* 488 S.W.2d 64, 68 (Tex.1972). A defendant, to successfully seek summary judgment, must demonstrate that the plaintiff cannot prevail as his case is pleaded. *Smith v. Muckleroy Enterprises,* 537 S.W.2d 104, 105 (Tex.Civ.App.—Tyler 1976, n.w.h.); citing *Cook v. Brundige, Fountain, Elliott & Churchill,* 533 S.W.2d 751, 759 (Tex.1976) and *Parmlee v. Texas & N.O.R.R.,* 381 S.W.2d 90, 91 (Tex.Civ.App.—Tyler 1964, writ ref'd n.r.e.).

In *Smith v. Muckleroy,* supra, at page 106, this court stated:

"In determining the matter of rendering or affirming a summary judgment in favor of a party, the question on appeal, as well as in the trial court, is not whether the summary judgment proof raises fact issues with reference to the essential elements of a plaintiff's claim or cause of

action but whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. [citations omitted] The burden of proof rests upon the movant and all doubts are resolved against it; the opponent is not required to prove anything. [citations omitted] . . ."

Following her discharge from Memorial Hospital appellant was examined by Dr. James R. Oates whose initial clinical differential diagnosis was right sciatic nerve damage or right lower back nerve damage. Based on the results of an electromyographic examination, Dr. Oates' final clinical diagnosis was bilateral first-sacral nerve damage.

Mrs. Clark, the appellant, testified by deposition that Nurse Sanders gave her an injection in the buttock "And, oh, it hurt"; it felt like the pain went through her; that the injection complained of was in the right buttock; that the injury "hurt awful bad" to the extent she "hollered"; she turned over and turned her shoulders. In response to a question as to how she hurt her back she answered: "I was given a shot and I twisted and it hurt, hurt it." She also testified as follows:

"Q. Are you saying that you have back problems now as a result of the shot that you talked about in this lawsuit.

"A. Yes, sir."

Nurse Sanders by deposition testified that Mrs. Clark did complain of her back hurting.

Dr. Oates by his deposition gave the following testimony:

"Q. Now, I believe you mentioned earlier that this rupturing of the disk or it becoming out of place as you have testified about can be caused by several different things; is that true?

"A. Yes, sir.

"Q. And I believe that you mentioned that an injury or trauma to a particular area could cause it to do this; did you not?

"A. Yes and I would be remiss were I not to point out that the vast majority of the time trauma is the cause of disk rupture. I'd estimate at least 99 percent of disk ruptures accompanied by symptoms are on the basis of injury.

"Q. Doctor Oates, assuming that the history given to you by Mrs. Clark was true and correct, that the onset of her difficulties with her back began at a time after the injection she received in the hospital and that when she received that injection that she described to you that she did twist, perhaps turn, and did sustain pain, would that give you a definite clue as to when the onset of her back difficulties began?

"A. Yes, sir; I thought that could well be a clue and that's why I speculated as to what might have happened.

"Q. Yes, sir. And based on reasonable medical probability, what would that clue be?

"A. The clue would be that she experienced sudden and, if we are to believe her, very severe pain when she received the injection and screamed and it is reasonable to assume that a patient who suddenly experiences that much pain might well attempt to withdraw from the source of the pain and jerk his body. It has, also, been my experience that one of the most common causes of disk rupture is violent abnormal sudden jerking of the body, especially when it involves bending the back or twisting the back. . . ."

He also testified ". . . That statistically the most likely source of damage of the first sacral nerve root of her lower back would be a so-called ruptured disk. . ." However, in his deposition he pointed out that it had not been proven or demonstrated by him that she had a ruptured disc though he "very strongly" suspected that she did.

Appellees rely on the expert testimony of a physician to show lack of proximate cause. The physician stressed in his testimony that the effects of a nerve injury is always seen below and not above the site of the injury, that appellant's injury was

above the site of the injection, and that, therefore, the injection could not have caused her injury.

■ It is a well settled rule of law in this State that opinions of medical experts, even when unanimous and uncontradicted, are not conclusive and only raise a question of fact for the determination of the fact finder. *Weaver v. Robinson,* 536 S.W.2d 243, 246 (Tex.Civ.App.—El Paso 1976, writ granted on other grounds); *Qualls v. Graham General Hospital,* 535 S.W.2d 932, 937 (Tex.Civ.App.—Fort Worth 1976, n.w.h.); *Delfin v. State of Texas,* 533 S.W.2d 376, 378 (Tex.Civ.App.—El Paso 1976, writ ref'd n.r.e.); *Sanchez v. Wade,* 514 S.W.2d 812, 814–15 (Tex.Civ.App.—El Paso 1974, n.w. h.); *Hidalgo v. Surety Savings & Loan Association,* 487 S.W.2d 702 (Tex.1972); *Bond v. Snow,* 422 S.W.2d 842 (Tex.Civ.App.—Eastland 1967) affirmed 438 S.W.2d 549 (Tex.1969). The opinions of experts are not the conclusive character of evidence required for the rendition of a summary judgment. *Bond v. Snow,* supra; *Villagomez v. American Motorists Insurance Company,* 391 S.W.2d 537, 539 (Tex.Civ.App.—El Paso 1965) rev. on other grounds 398 S.W.2d 742 (Tex.1966); *Mallow v. State of Texas,* 356 S.W.2d 705 (Tex.Civ.App.—Fort Worth 1962, writ ref'd n.r.e.).

■ It is not the purpose of the summary judgment rule to provide either a trial by depositions or by affidavits, but rather to provide a method of summarily terminating a case when it clearly appears that only a question of law is involved and that there is *no genuine issue of fact.* *Bond v. Snow,* supra; *Gaines v. Hamman,* 163 Tex. 618, 358 S.W.2d 557, 563 (1962).

■ We agree with appellant that the burden upon the appellees as the movants for summary judgment was not discharged. The summary judgment record does not negate the existence of genuine and material fact issues or show that appellees were entitled to a judgment as a matter of law.

The judgment is reversed and the cause is remanded to the trial court for trial on the merits.